# Lessee of William Evans *against* James Webb.

Devise by testator to his wife, not expressed to be in lieu of her dower, and where her claim of dower is not inconsistent with or in contradiction to the will, the widow is entitled to her dower at common law.

A devisee may recover in ejectment in such a case against the widow, without previously assigning her dower.

THIS cause came before M'Kean C. J. and Yeates J., for their opinion, at Lancaster, May assizes 1794, on a case stated as follows.

Isaac Evans made his will, dated 29th November 1781, and after bequeathing a few specific articles to his wife Anne, gives to his said wife Anne, during her widowhood, the front room of the house wherein he then lived, the small cellar under the, kitchen, and the common use of the kitchen, oven and draw-well, and the privilege of passing and repassing to and from every of the same. He then gives to his said wife, in consideration of her schooling and well educating his children, the rents, issues and profits, of all his lands, from the time of his decease until his sons arrive to their respective ages, to possess the same. He then directs, that his son William, (the lessor of the plaintiff,) or any person that shall enjoy the house and premises wherein he then lived, shall keep for his said wife one horse and cow, and provide her sufficient firewood during her widowhood. He gives to his daughters Mary, Hannah, Sarah Anne and Susannah, 150l. each, the two former payable in one year after his decease, and the three latter when the respective legatees should arrive at the age of 18 years. He gives to his son John 250l. payable at 21, and directs that he should be put to a trade when he should be 15 years old. He then orders that his lands should be divided in a certain manner into two shares, and devises one part thereof to his son Isaac in fee, and the other part thereof to his son William in fee, when they should respectively arrive at the ages of 21 years, with certain limitations, in case they or either of them should die in their minority and without lawful issue. He appoints his said wife Anne executrix of his will, and directs that she shall take all his personal estate at a moderate valuation, to be made as soon as conveniently might be after his decease, and pay all his legacies; *and if an overplus should appear in her [*425 hands on a settlement, that then she shall divide the same equally to and amongst all his surviving children, when the youngest should arrive at the age of 18 years, without interest.

Anne Evans proved the will, and took out letters testamentary on the 11th May 1782, and afterwards married James Webb, the defendant. He continued in possession of part of the premises, devised to William Evans after the said William

I YEATES—26

[Evans *v.* Webb.]

became of age, and held the same under his wife's claim of dower.

It was agreed that judgment should be entered for the plaintiff, subject to the opinion of the judges at *Nisi Prius*, whether under the will aforesaid, the widow of the said Isaac Evans was entitled to dower? and if so, whether William Evans, the devisee of part of his lands, could recover in ejectment against her, without previously assigning her dower?

The case was argued at *Nisi Prius* at Lancaster, by Mr. Hopkins for the plaintiff, and by Mr. C. Smith, for the defendants; but as their arguments are noticed by the court, it seems unnecessary to detail them.

The court took time to advise. And now in bank, the Chief Justice desired Yeates, J. to pronounce their opinion, which he did as follows, after stating the case.

The first point, whether Mrs. Webb was not entitled to dower, was not insisted on by the plaintiff's counsel on the argument. It must be observed, that the devise to the widow of Isaac Evans, is not expressed to be in lieu of her dower, nor can such intention to bar her of dower, be certainly collected from the whole of the will. A doubt once existed, whether if the wife took a larger estate under the will, than her dower, though not said to be in lieu of dower, it should not go in ademption thereof; yet since the case of Lawrence *v.* Lawrence, when Lord Somers's decree was reversed by the Lord Keeper, and the reversal affirmed in the house of lords, that doubt has ceased. 1 Equ. Cas. Ab. 218. 2 Atky. 427. 3 Atky. 8. This case is not nearly so strong against the widow as that of Kennedy *v.* Nedrow, and wife, et al. Dall. 415, where it was adjudged that the demandant was entitled to dower. The claim of the defendant in right of his wife, is not inconsistent with, or in contradiction to the will, and may be fairly distinguished from the cases, Arnold *v.* Kempstead, Ambl. 466, Villareal *v.* Lord Galway, Ib. 682, and Jones *v.* Collier et al. Ib. 730. We are therefore of opinion, that the defendant in right of his wife, is entitled to dower in the premises.

On the second point, it seems very clear from the books, that a woman entitled to dower cannot enter on the lands of her hus*band until it be assigned to her, and set out either by the heir, terre tenant, or sheriff, in certainty. Co. Lit. 32, b. 34, b. 37, a. Hargr. note 1, ib. 1 Rol. Ab. 681. Dy. 76, b. 343, b. Plowd. 529. Bro. Dower, pl. 16. *Scire Facias*, pl. 36. 2 Bac. Ab. 134. If she even recovers dower of the lands, she cannot enter before execution is sued. Nor if the recovery be of a rent, though there it is certain enough. 1 Rol. Ab. 681. S. pl. 1, 2. 9 Vin. Ab. 252. 40 Ed. 3, 22. 45 Ed. 3, 5, b. On the most minute search we have been able to make, we cannot find any case, wherein it is laid down that the widow may legally enter on the lands for her dower at common law.

[Evans v. Webb.]

But a distinction was contended for by the defendant's counsel, that though the widow could not justify her entry against the heir or devisee, yet such heir or devisee could not recover against her, when in possession, as defendant in ejectment. We can see no ground whatever for the distinction. For if she could hold adverse to the heir or devisee, without an assignment of dower, she could also maintain ejectment to recover such possession.

The testator's devise to the widow during the minority of the children, can effect no difference. At common law, she was entitled to her quarentine of 40 days; but if during that time, dower is not assigned to her, she must compel it by writ. Co. Lit. 34, b. "And therefore," says Lord Coke, "to the end that widows might enter, and not be driven to "suit, the law hath provided dower *ad ostium ecclesaæ*, and "*ex assensu patris*, and lastly by making a jointure." Ibid.

The words of Mr. Justice Gould, in 3 Wils. 519, have been relied on. He there says, "If dower be not assigned to the "widow within 40 days, may she not continue until it be as- "signed to her? I think the court would not turn her out, "until dower was assigned to her."

These were his expressions on the first breaking of the case; but however humane the sentiment was, we find he afterwards relinquished the position, as untenable. For Lord Chief Justice De Grey, in delivering the sentiment of the whole court, says, "if the mother had entered for her dower, "when it was not assigned to her, it would have been a dis- "seisin." And the very ground of the plaintiff's recovery, as heir at law to the infant son, was, that "the possession of the "mother and the daughters was the possession of the daugh- "ters, and when the son was born, the estate was divested "out of the daughters, and not before; then the son was in "actual possession and seisin of the premises by his mother, "who had a right to the possession as being his guardian by "law, though not assigned as such."

*Hence it appears, that the case of Newman's lessee [*427 v. Newman, so far from operating against the plaintiff's claim in the suit before us, strongly establishes the old doctrine; and we can only say, with Lord Chief Justice De Grey, "if the law be so, we cannot determine to the contrary upon "inconvenience, or the hardship of the law." 3 Wils. 522. We also understand, that this very point was lately determined in the same manner, by our brethren justices Shippen and Smith, at the last assizes in Franklin county, in the case of the lessee of Robert Mahan v. Charles Kelly.

On the whole, we are fully of opinion that judgment should be entered for the plaintiff.