Parker, C. J.,
delivered the opinion of the Court. The first point insisted on, by the counsel for the tenant, is that her husband, John Edmands, became seised in fee of one fourth part of the premises on the death of his son John, in 1777, unmarried, and under age. At the trial of the cause it was ruled by the judge that, by virtue of the provincial act of 4 Will. Of Mar., (1) the portion of John in the estate of his mother came to his surviving brother and sisters, and not to his father.
This decision of the judge is clearly within the letter of the statute; for in the proviso of the first section, it is enacted that, “ if any of the children happen to die before he or she come of age, or be married, the portion of such children shall be equally divided among the survivors.” This term survivors must have reference to the surviving children ; as a distribution among children is the subject-matter of the whole proviso.
It has been urged, however, by the counsel for the tenant, that the provision is applicable only to a paternal inheritance, and not to one which descends in the maternal line ; and this construction is attempted to be supported by the words of the act before cited, in which it appears that the personal pronoun is used in the masculine gender only; * as if it was the intention of the legislature to limit the operation of the act to paternal estates only.
But such a construction would be unnecessarily narrow; for we ought to consider the legislature, when providing for a general object, as comprehending, within the terms used, all the subject upon which they are obviously legislating. The act provides that every person lawfully seised, &c., and then makes use of the pronoun his, not with a view of confining the provision to estates of male persons, but to save the unnecessary multiplication of words. And we are *268 strengthened in this construction from the circumstance that, otherwise, there is no provision in the act for the distribution of maternal inheritances ; nor is there any provision enabling females, otherwise competent, to dispose of their estates by will, unless they are comprehended in the general word person, made use of in the first part of the act. Besides, if this act is to be limited in its operation, as. contended for, John Edmands could not have succeeded to the estate of his deceased sou ; for, by the common law, which must have been enforced, if not repealed by this act, the father could not be heir to his son.
The statute of distributions now in force (2) may be considered as giving the construction of the act of Will. If Mar. on this point, it being intended as a reenactment of preexisting provisions rather than as establishing any new rules. The words of this statute are, “ Provided that, when any child shall die under age, not having been married, his share of the inheritance that came from his father or mother shall descend, in equal shares, to his father’s or mother’s other children then living, respectively, and to the issue of sue! other children then dead, if any, by right of representation.”
That the construction now adopted is the true one, is apparent from the case of Sheffield vs. Lovering, (3) in which the several statutes which have been enacted for the distribution of intestate estates, since the settlement of the country, are examined and very clearly explained.
*The ground, taken by the counsel for the tenant, that the money paid for owelty of partition must be presumed to have been paid by the husband from his own money, and that this payment created a resulting trust to him, in the estate assigned to his wife, is not tenable. There is no record or deed from which such a trust can be implied, without violating the statute, which requires all trusts to be declared in writing, unless they result by implication of law from the deed which passes the estate. (4) (a) Besides, the assignment by the judge of probate to *269 one of the heirs, when the estate cannot be divided without injury, is valid only as it is provided for by the statute of distributions ; and no authority is given, by that statute, to create an estate in one who was not before interested as heir. The husband advanced the money, to enable him to enjoy the estate assigned to his wife, in snch manner as the law should authorize him to do. By the same means, also, he purchased an estate for his children ; and this may be considered a sufficient consideration for his money, without supposing him to have intended to purchase for himself, which probably he never thought of.
As to the claim, under the statute of 1807, c. 74, for the value of improvements made on the estate, which became necessary in consequence of the destruction by fire, we think that the case does not come within the statute. This remedy is provided for those who claim to hold by virtue of improvement and possession only — evidently excluding those who claim and hold by right. The object of the legislature, in making the provision, was to give relief to those who had entered without a title, perhaps expecting to obtain one; there being many persons in the commonwealth who had entered upon wild land, the proprietors of which were unknown, and had made expensive improvements thereon.
But, upon the construction adopted in the case of Bacon vs. Cal-lender, it is to apply to cases where the tenant entered under a title supposed to be good, which is afterwards defeated by a better title; and it is laid down, in that case, * that the statute extends to all cases where the tenant, or those under whom he claims, has been in possession six years or more before the commencement of the suit, by any title whatever, if the demandant has a better title. (5) This construction is fairly within the spirit of the statute; for a tenant so entering may generally be supposed to rely upon the title under which he enters—and to make his improvements upon an expectation that he shall not be disturbed by any dormant title, of the existence of which he may be wholly ignorant.
But the case is different with those who enter under a title which they afterwards attempt to defeat, or under a contract with the owner to purchase or to hold the estate f for in this case they have a remedy on the contract, if they perform the conditions of it; and if they do not, the legislature did not intend to reward or indemnify them for a voluntary breach of it. (6) Now, in the case before us, John Edmands, under whom the tenant claims, entered upon and held the estate by lawful title, viz., as tenant by the cour *270 tesy. He must be supposed to have known the extent and duration of his title- The improvements on the estate were probably made with a view to the benefit of his children, who were seised of the reversion. But if they were not, as his title was not defeasible, but perfect during his life, the claim made by his widow and devisee does not come within the most liberal construction given to the statute.
The motion of the tenant is overruled, and judgment must be ef tered for the demandants, upon the default of the tenant, which took place at the trial.

 Mass. Laws, vol. 2, 969, Ancient Charters, &c. 230.

 Stat. 1805, c. 90.

 12 Mass Rep. 490.

Stat. 1783, c. 37, § 2 (a) Vide Goodwin vs. Hubbard, ante, 210, and note. — Northampton Bank vs. Whiting, 12 Mass. Rep. 104. —Jenney vs. Miden, 12 Mass. Rep. 375. — Storer vs. Batson, 8 Mass. Rep. 431. — Black vs. Black & Al. 4 Pick. 234. — Small vs. Proctor, post, 495. —Kempton vs. Cook & Al. 4 Pick. 305. — Smith vs Lane & Al. 3 Pick. 205. — Sed vide, contra, Bullard vs. Briggs, 7 Pick. 533. — Boyd vs. M'Lean, 1 Johns. Ch R. 582.—Bottsford vs. Burr, 2 Johns. Ch. R 409. — Livingston vs. Limingston, 2 Johns. Ch. R. 540. — Snelling vs. Utterbock, 1 Bibb. 609.—Stephenson vs. Stephenson, 3 Bibb. 15. — Hart vs. Hawkins, 3 Bibb. 506. — Perry vs. Head, 1 Marsh, 47. — Stark vs. Cannady, 3 Litt. 399. — Phillips vs. Crammond, 2 Wash. C. C. C. 441.— Powell vs. Monson Brimfield Manufacturing Company, 3 Mason, 347.— Dean vs. Dean, 6 Conn. R. 285. — Dorsey vs. Clarke, 4 Har. & Johns. 551.— Willis vs. Willis, 2 Atk 71. — Bartlett vs. Pickersgill, 1 Eden, 515.— Sterrett vs Sleeve, 2 Johns Ch R 1.— Wray vs. Steele, 2 Ves. & Beames, 338. — 4 Kent. Comm. 305, 2d fe1

 6 Mass. Rep. 309.

 12 Mass. Rep. 329, Knox & Al. vs. Hook.