By the Court.

It is objected that the tenant is not entitled to the Benefits of the statute, because he was not a disseisor, holding by virtue of possession only, but entered under a supposed title under a decree of the judge of probate. But it having been determined that the decree of the judge was void, it follows that the tenant entered without title, but upon the supposition of a title in his wife, or in her child by her former husband ; and he, therefore, *held by virtue of possession and improve- [*351 ] ment only, within the meaning of the statute; which cannot be so construed, as to operate only in favor of those who knowingly and wilfully enter upon lands belonging to others, as the counsel for the demandant have argued (2).

 [Bacon vs. Callender, 6 Mass. 303.—Shaw Al. vs. Bradstreet, 13 Mass. 241. Knox vs. Hook, 12 Mass. 329.—Runey & Al. vs. Edmands, 15 Mass. 291.—Russell vs. Blake, 2 Pick. 205.—Heath vs. Wells Al., 5 Pick. 140.—Poignard vs. Smith, 6 Pick 172.—Tyler vs. Hammond, 11 Pick. 193.—Ed.]