Parker C. J.
delivered the opinion of the Court. The 1 1811, c. 6, § 2, establishes the mode by which member ship in any particular religious society is to be proved, requiring nothing more than the obtaining of a certificate from the committee of such society, and filing it with the clerk of the town of which he is an inhabitant; and any person having obtained such a certificate and filed it according to the provisions of that statute, is for ever afterwards exempted from taxation for the support of public worship and public teachers of religion in every other religious corporation, so long as. he shall continue such membership.[1] The mode of dissolving such membership is not prescribed, hut removal without the bounds of the town within which the society exists, will not ipso facto produce this effect; for it may be convenient, and certainly is not uncommon, for persons to attend public worship with, and be members of a religious society situated in another town than that in which they dwell. It would perhaps have been better, had the legislature provided for an annual renewal of the certificate, or some other mode by which a continuance of membership should be proved, after the person has removed beyond the bounds of the parish or town within which he chooses to attend public worship.
The plaintiff was legally a member of the religious society in Brattle street at the date of his certificate, and we do not see any fact stated in the case, from which we can infer that he had dissolved his connexions there. He continued to own a pew, and to be assessed for the support of public worship there, and paid his taxes down to the time of the commence *379 ment of fcis suit. The assessors of the First Parish in DorChester, finding him a fixed. resident in that parish, presumed that he was liable to taxation, for it is probable that they had * *■ * no knowledge of the continuance of his connexion with a society in Boston. But the statute does not require any notice to the officers of the parish to which a person having obtained a certificate may remove. This, no doubt, is inconvenient, and may expose parishes and religious societies to expense and vexation. Now the plaintiff being exempt from taxation, the assessment upon him was void, and all the proceedings under it nugatory ; so that the money obtained from his property and placed in the treasury of the parish, was wrongfully taken from him and cannot be rightfully withheld.
But it is objected that the action is misconceived, because the parish, as a corporate body, are not liable, although the assessors or the collector might be. If however this action does not lie, there seems to be no remedy ; * the legislature having protected assessors from liability, unless they act corruptly, and the collector perhaps having a right to defend himself under his warrant. It would have been useless to attempt to secure to the citizens such entire freedom in regard to their contributions to the support of public worship, if their property could be taken and sold under a warrant of distress, for a tax from which they are exempt by law, and no action would lie to recover back the money. Indeed, upon common principles, the corporation, having received the money of the plaintiffs, to which they have no right, and placed it in their treasury, must be liable to refund it in this action.*
[1]

 See Whittemore v. Smith, 17 Mass. R. 349; Turner v. Burlington, 16 Mass R. 212; Coburn v. Richardson, 16 Mass. R. 213; Gage v. Currier, post, 399 Leavitt v. Truair, 13 Pick. 111. See the regulations in regard to membershro of religious societies, in the Revised Statutes, c. 20, § 4

 But see Gage v. Currier, post, 399; [Inglee v. Bosworth, 5 Pick. 498; Withington v. Eveleth, 7 Pick. 106.]

 See Ingraham v. Daggett, 5 Pick. 453; Amesbury Woollen and Cotton Man. Co. v. Amesbury, 17 Mass. R. 461; Inglee v. Bosworth, 5 Pick. 503; Preston v. Boston, 12 Pick. 7; Nelson v. Milford, 7 Pick. 18. But where an inhabitant of a town is merely overrated, by reason of an over-valuation of his taxable property, his only remedy is by an application for an abatement pursuant to the statute. Osborn v. Danvers, 6 Pick 98; Preston v. Boston, 12 Pick. 7.