## AFTON H. CLARKE *vs.* JONATHAN F. HILTON.

### Somerset. Opinion November 27, 1883.

*Practice. Real actions. Dower. Pleadings. Betterments.*

Where the respondent to a writ of entry pleads the general issue without making a seasonable disclaimer, and it turns out that the demandant has the better title, the respondent cannot defend on the ground that he has had no notice to quit before the commencement of the action and has not ousted the demandant. The only question is which of the parties has the better title? Nor is it a defence that the defendant has a right to dower in the demanded premises when the dower has never been assigned or otherwise set out to him. But a demandant proving title only to an undivided portion of the premises can have judgment only for such portion, or in the language of R. S., of 1841; c. 145, § 12, for "his own particular share."

To entitle a respondent in such suit to set up a claim for betterments his possession must have been adverse.

Where a husband managed and controlled an estate conveyed to his wife in 1855, living upon it with her and their children until her death in 1860 and

afterwards remained in possession, his children continuing to be members of his family during a portion of their minority, and not giving him any notice to quit after they became of age, his possession, in the absence of any distinct denial of the right and title of his wife's heirs should be regarded as permissive and in the nature of a trust for the benefit of his wife and the family, and not adverse nor of a character to enable him to set up a claim for betterments in a suit brought by one of the heirs within six years after the youngest child becomes of age, although it appears that he has appropriated all the proceeds of the place to his own use and paid all the taxes and never paid nor promised to pay rent to any one, and that he has a right to dower in the premises which has never been assigned or set out to him.

ON REPORT.

Real action to obtain possession of certain real estate situated in St. Albans. The writ was dated December 2, 1881. The plea was general issue and the following brief statement:

"And for brief statement of further defense the said defendant says the premises were owned in fee by his former wife, Ann H. Hilton, at the time of her death on September 30, A. D. 1860 (subject to an incumbrance of mortgage hereinafter mentioned), that her estate was solvent, that she died intestate and that he, being her husband up to the time of her death, was entitled to have the use for life of one-third of her real estate to be recovered and assigned in the manner and with the rights of dower, that he has held the premises in actual possession from the time of her death to the present time; that his dower in the premises has never been set out to him, or in any way assigned to him by her heirs, (of whom the plaintiff is one), or assigned by the judge of probate or by judgment of court; that he has never at any time received from plaintiff, nor from any one notice to quit the premises or to surrender them.

"The defendant further claims the benefit of the laws in relation to betterments, and claims compensation for buildings and improvements on the premises, and alleges and offers to prove that he has had the premises in actual possession for more than twenty years prior to the commencement of this action, to wit: from the death of his said former wife, Ann H. Hilton on September 30, A. D. 1860. And he prays that the jury may find that fact, and that they shall also find and state in their verdict what was the value of the premises, when the tenant, said J. F. Hilton,

first entered on the same, to wit : on September 30, A. D. 1860, and that they shall also find and state in their verdict the value of the premises at the time of the trial above their value when said tenant first entered thereon.

" And further for brief statement of matters pertinent to the question of betterments, particularly as to the value of the premises when the tenant first entered thereon, viz : on September 30, A. D. 1860.   The defendant alleges :

" 1. That the premises were then encumbered by his right of dower, in relation to which the facts are as above stated in his brief statement of further defense.

" 2. That the premises were conveyed by said Nancy Hilton to said Ann H. Hilton by warrantee deed dated December 22, 1855, duly recorded September 15, 1856, at ten o'clock, A. M. Somerset registry of deeds, vol. 83, page 481.   That at the time of the death of his said former wife, on September 30, A. D. 1860, the premises were encumbered with a valid mortgage given simultaneously with said deed, Nancy Hilton to Ann H. Hilton, by the said J. F. Hilton and said Ann H. Hilton, his former wife and mother of the demandant, to Nancy Hilton, his mother, dated December 22, 1855, duly recorded in Somerset registry of deeds, vol. 83, page 50, September 15, 1856, at ten o'clock, A. M. ; the condition of which was that the said J. F. Hilton and Ann Hilton, their heirs, executors or administrators, should well and truly maintain said Nancy Hilton, suitably clothe and provide for her both in sickness and in health, pay all doctor's bills and other charges necessary to her comfort and convenience during her natural life ; that said Nancy Hilton lived to May 21, A. D. 1874, on the premises in the family of said J. F. Hilton when she died ; that she was supported at his expense as provided in said mortgage, and that he did at all times up to the time of her death, faithfully fulfil the conditions of said mortgage, at great expense to him, from the time of the death of his said former wife on September 30, A. D. 1860, to the death of said Nancy Hilton, on May 21, 1874, to wit : at the expense of $1000 for the space of thirteen years, seven months and twenty-one days."

*A. R. Savage*, and *Folsom and Merrill*, for the plaintiff, cited : R. S., c. 104, § 9 ; R. S., (1857) c. 61, § 5 ; stat. 1841, c. 117 ; stat. 1857, c. 34 ; 1 Washburn, Real Prop. 285 (3 ed.) ; 4 Kent's Com. 58, 61, 63 ; *Johnson* v. *Shields*, 32 Maine, 424 ; *Sheafe* v. *O'Neil*, 9 Mass. 13 ; *Evans* v. *Webb*, 1 Yeates, 424 (1 Am. Dec. 308) ; *Bolster* v. *Cushman*, 34 Maine, 428 ; Taylor's Landlord & Tenant, § 472 ; *Jackson* v. *Burton*, 1 Wend. 341 ; Schouler Dom. Rel. (2 ed.) 442 ; *Treat* v. *Strickland*, 23 Maine, 234 ; *Kelley* v. *Kelly*, 23 Maine, 192 ; *Comings* v. *Stuart*, 22 Maine, 110 ; *Varney* v. *Stevens*, 22 Maine, 331 ; *Knox* v. *Hook*, 12 Mass. 329 ; *Maddocks* v. *Jellison*, 11 Maine, 482 ; *Runy* v. *Edmonds*, 15 Mass. 291 ; *Mason* v. *Richards*, 15 Pick. 141 ; *Larcom* v. *Cheever*, 16 Pick. 260 ; *Plimpton* v. *Plimpton*, 12 Cush. 458.

*Josiah Crosby*, for the defendant, after stating the origin of the betterment law in this state, citing, stat. 1821, c. 47, § § 1, 5 ; R. S., (1841,) c. 145, § § 23, 35, 42 ; *Pratt* v. *Churchill*, 42 Maine, 477 ; stats. 1848, c. 87 ; 1852, c. 240, § 1 ; 1854, c. 90, § 1, contended that to entitle one to betterments the possession must be exclusive but not necessarily adverse to the fullest extent of that term. But in case of a claim by a tenant to the fee founded on a forty years possession, the possession must undoubtedly be adverse to the fullest extent, but not so in the case of betterments founded on six years or twenty years possession. R. S., c. 104, § § 20, 25, 32 and 38, relative to betterments, and § 45, relative to forty years possession, &c. clearly recognize the distinction. See Sedgwick and Waite, on Trial of Title to Land, c. 28, § 731, *et seq*.

Another argument which seems to me decisive upon the point that the possession need not be such that if continued twenty years would give the fee, is derived from the very statute by virtue of which we claim betterments to be calculated on the possession of twenty years instead of six years. For if twenty years disseizin will give the fee, why provide by statute for the inferior right of betterments on a twenty years possession " open, notorious and exclusive," unless upon the theory that there might be a twenty years possession which would give betterments but

would not give the fee? It is absurd to provide betterments to a man who has acquired the fee.

Counsel cited and commented on the different statutes relating to betterments, and on *Treat* v. *Strickland*, 23 Maine, 284; *Maddocks* v. *Jellerson*, 11 Maine, 482; *Austin* v. *Stevens*, 24 Maine, 520; *Pratt* v. *Churchill*, 42 Maine, 570. The counsel further elaborately argued other grounds of defense raised by his pleadings, citing: *Potts* v. *Cullum*, 68 Ill. 217; *Wilie* v. *Brooks*, 45 Miss. 542; *Wood* v. *Wood*, 83 N. Y. 575: *Minier* v. *Minier*, 4 Lans. (N. Y.) 421; *Young* v. *Tarbell*, 37 Maine, 514; *Jones* v. *Brewer*, 1 Pick. 314; 2 Scribner, 72, 32, 54, 33; R. S., c. 67, § 14; Buller N. P. 117; *Jones* v. *Brewer*, 1 Pick. 317; *Bright* v. *Boyd*, 1 Story, 478; *Cook* v. *Toumbs*, 36 Miss. 685; *Bonham* v. *Badgley*, 2 Gilm. (Ill.) 622; *Den* v. *Dodd*, 1 Halst. (N. J.) 367; *Bolster* v. *Cushman*, 34 Maine, 428; *Barbour* v. *Barbour*, 46 Maine, 9,

Counsel concluded: " In the judgment of the legislature, and I will add of mankind, the longer the lapse of time the more sacred are the relations that cluster about the family household, the HOME, the thatched cottage it may be, or a palace, but which John Howard Paine, could designate with no more enduring term than "Home, sweet home." I respectfully submit to the court that justice, humanity, a due regard to the family relations and the instincts of nature demand that the defendant be let in to his defense.

BARROWS, J. The questions presented by the report are: 1. Is the plaintiff entitled to prevail; and if so to what extent? 2. Is the defendant entitled to betterments; and if so, under what rule, and within what limits as to time?

The plaintiff shows title to the demanded premises in herself, and her brother, as heirs at law of their mother, the defendant's wife, who died in 1860, leaving the defendant and their children in possession, subject to a mortgage to Nancy Hilton, the defendant's mother, who conveyed the premises to his wife in 1855, receiving at the same time a mortgage conditioned for her maintenance during life. This mortgage was executed by the

defendant and his wife, and its conditions were fully performed, Nancy Hilton remaining a member of defendant's family, till her death in 1874. Defendant's marriage took place in 1850. The plaintiff was born in 1851 and her brother in 1857. The plaintiff lived on the premises, in the family of her father, the defendant, until 1866, and her brother did the same until 1874. Before the conveyance to his wife (Nancy Hilton, then the owner, making one of his family), the defendant lived upon, controlled, and managed the demanded premises. From and after said conveyance up to the present time, he has continued to do the same, and during all his occupancy, before and since the conveyance, he has paid all the taxes and has appropriated all the proceeds to his own use, and has never promised to pay rent to any one. Since the death of his wife, dower has never been assigned, or in any manner set out to him ; and prior to the commencement of this action he had no notice to quit.

Hereupon the defendant says this action cannot be maintained. First, for want of this notice ; second, by reason of his right of dower in the premises. But he pleaded the general issue, and did not disclaim any right, title or interest in the premises, as he should have done, according to R. S., c. 104, § 6, if he would now insist that he was not holding the plaintiff out of possession at the time of the commencement of the action.

Under the plea of the general issue and in the absence of such disclaimer, the question of notice is not open to him. The only inquiry in such case is under R. S., c. 104, § 6, which of the parties has the better title? Now here, the defendant, in his brief statement, without seasonably disclaiming title in himself, asserts the title of his former wife at the time of her death, intestate and solvent, and alleges the facts respecting the title, substantially, as above stated, including the fact that plaintiff is one of the heirs. He thereby settles the question, as to title, against himself. He is not one of the heirs of his wife. *Lord v. Bourne,* 63 Maine, 368. Husband and wife, though they may be entitled under our statutes to certain interests in the estates of each other, are not, properly speaking, heirs of each other. The rights which the statutes give them, respectively, they do

not take as heirs, and until dower has been lawfully assigned, neither of them by virtue of those rights can defeat the right of possession which the descent of the property confers upon the heirs, or the conveyance by the former owner gives to his grantee. *Sheafe* v. *O'Neil*, York Co. 9 Mass. 13; *Hildreth* v. *Thompson*, 16 Mass. 191, 193. Except where, as in New Jersey and some other states, the rule has been changed by statute, the weight both of English and American authority is, that though one entitled to dower be in possession, the heir or devisee may recover against her, without assigning dower. 4 Kent's Com. 61. 62, 4th ed. and cases cited; 1 Washburn R. E. 1st ed. 253; Park on Dower, 334; *Evans* v. *Webb*, 1 Yeates, 424; S. C. 1, Am. Dec. 308, 2 Scribner on Dower, 30. Before dower is assigned the right thereto is a mere chose in action — nothing which can be regarded as an estate; it confers no title to or seizin of any part of the land subject to it. *Johnson* v. *Shields*, 32 Maine, 424, 426; *Bolster* v. *Cushman*, 34 Maine, 428.

The cases cited by the defendant rest upon the statute provisions of their several states, and we have none that are equivalent.

Section four of c. 103, R. S., cannot be regarded as affecting the question. There was a similar provision in the statutes of 1821, c. XL, § 5, which has come down, substantially unchanged, through the various revisions. But it gives only a right of action, not a property in the land itself, nor a right to enter upon and hold it as against the heir. It aims rather at securing a prompt assignment, and the interest of the party entitled to dower meanwhile, than at the creation of a mongrel sort of tenancy in common, between such party and the heirs, the one holding subject to the disabilities of a life tenant, and the others entitled to the privileges and powers attending the ownership of the fee.

There is nothing in the objections to the maintenance of the action that can avail the defendant. But upon familiar principles the demandant must recover upon the strength of her own title, and not upon the weakness of the defendant's. She shows title to an undivided half of the demanded premises, the other half having descended to her brother. Judgment in her favor can go only under R. S., c. 104, § 10, for that undivided portion to

which she shows title in herself. Section nine of the same chapter, while allowing tenants in common to join or sever in an action of this sort, does not mean that one suing alone, can recover the whole or any more than his own proportion of the estate, even against one who shows no title.

Is the defendant entitled to betterments? The defence he offers is peculiar. He pleads the general issue, which imports that he is now in possession, holding adversely to the plaintiff, but his brief statement admits in effect the title of herself and her brother, and claims only that he has a right to the use, for life, of one-third of the premises, " to be recovered and assigned in the manner and with the rights of dower." In defense of the suit he relies upon this right and the want of notice to quit, neither of which, as we have seen, can avail him ; but the character of the claim indicates that of the possession which he has had. But for the plea of the general issue, and the want of a disclaimer, it might have been difficult so far as anything appears here, for the plaintiff to make out a disseizin. The defendant seems to have held in submission to the acknowledged title of his children, and claiming only for himself a life interest in one third, at all events until the youngest became of age. Until a husband thus left by his wife and the mother of their children, in possession of a homestead incumbered by a mortgage, which he has executed with her, has done something more distinctly in denial of the right of her heirs, than the mere remaining in possession, receiving the profits of the place and performing the condition of the mortgage — the heirs participating as members of his family during such part of their minority as they saw fit and after becoming of age giving him no notice to quit — we think his possession is not to be regarded as adverse though " he has appropriated all the proceeds to his own use " and " has never paid or promised to pay rent to any one " and " has paid the taxes." This is simply a continuation of the occupation which he had during the lifetime of his wife, and that was unquestionably permissive and in the nature of a trust for the joint benefit of themselves and their children.

It is only by reason of the construction which the statute gives to his plea of the general issue unaccompanied by a seasonable disclaimer, that he can now be regarded as a disseizor.

His counsel makes an elaborate argument in support of the proposition that it is not necessary that one's possession should be adverse in order to entitle him to the privileges of the statutes, commonly called the "betterment acts." But we are of the opinion that it is an essential element in such possession, and that without it the case is neither within the letter or spirit of the betterment acts, or within the hardship which they were designed to relieve. Upon what pretext can one, who for his own convenience makes improvements upon the land of another, whose title he acknowledges while he is temporarily in possession, claim pay for them when the owner comes to assert the title which he admits?

The betterment acts, based both upon twenty and six years' possession, presuppose that the party is in possession claiming title to the land, and such party is entitled to the benefit, in proper cases, not only of improvements made by himself, but by "those under whom *he claims*." R. S., c. 104, §§ 20 and 25. The somewhat verbose description of the character of the possession referred to, given in the statute of 1821, c. 47, § 5, besides requiring that "the possession, occupancy and improvement . . . by the tenant or those under whom he claims shall have been open, notorious, and exclusive," further describes it as sufficient when "comporting with the ordinary management of similar estates in the possession and occupancy of *those having title thereto, and satisfactorily indicative of such exercise of ownership*, as is usual in the improvement of a farm *by its owner*."

The obvious import of these expressions is to apply the statute provisions to those who are in possession claiming title as owners, and exercising the rights of owners under such claim; so that if the question were new, it would be settled in conformity with the uniform current of decisions, which have been confirmed by repeated revisions of the statutes without substantial change. *Comings* v. *Stuart*, 22 Maine, 110; *Varney* v. *Stevens, id.* 334;

*Kelley* v. *Kelley,* 23 Maine, 192 ; *Treat* v. *Strickland, id.* 234 ; *Maddocks* v. *Jellison,* 11 Maine, 482 ; *Prop's Kennebec Purchase* v. *Kavanagh,* 1 Maine, 348 ; *Runey* v. *Edwards,* 15 Mass. 291 ; *Knox* v. *Hook* (Hancock Co.), 12 Mass. 329, 331, 332 ; *Mason* v. *Richards,* 15 Pick. 141 ; *Larcom* v. *Cheever,* 16 Pick. 260,. 263. The same rule as to the character of the possession was. held to apply to the statutes giving betterments after twenty years possession, in *Pratt* v. *Churchill,* 42 Maine, 471. Defend-- ant's counsel argues against the construction, because, he says, twenty years adverse possession would give practically an absolute· title to the land, and the party would have no occasion to claim betterments. He overlooks the cases where, by reason of disabilities of the plaintiffs (minority and absence beyond sea, for example) twenty years adverse possession would be no answer· to the demandant's claim — to say nothing of cases where by· reason of the peculiar character of past grants and conveyances, one who has been in possession more than twenty years, supposing himself to have a good title in fee, may find his estate terminated. and be evicted.

We do not see how under existing statutes, and in view of· the decisions above cited, a husband and father in possession of· lands belonging to his wife and her heirs, whose title he has· never disputed, except technically by the plea of the general. issue, modified as it is here by the brief statements, can by making improvements thereon, entitle himself to raise the question· of betterments. It would certainly be too harsh an inference to· regard his possession as adverse before the youngest child became· of age, and since then six years have not elapsed.

The death of the wife was subsequent to the passage of· chapter 34, laws of 1857, and we see no reason to doubt that the· husband would have a right to dower in such real estate as she·. might leave at her death, although her title to it accrued previous. to the passage of that act. It is not limited by its terms to· estates subsequently acquired, and no vested rights would be disturbed by giving its provisions full effect. But, as we have

heretofore seen, the defendant's right to dower which has never been assigned, constitutes no defence in this action.

> *Judgment· for plaintiff for an undivided half of the demanded premises.*

APPLETON, C. J., DANFORTH, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.