CHARLES E. COOK & another *vs.* WINDSOR F. SMITH & others.

Under a residuary devise and bequest in trust to divide the income of it equally among the testator's children, and, in event of the death of either of them without issue, then equally among the survivors, "but in case my said children die leaving issue, then the capital of such deceased child's share shall be equally divided among such issue, share and share alike, to their heirs and assigns forever," and not otherwise disposing of the principal of the fund, no part of the fund becomes distributable as undevised estate upon the death of one of the children without issue, but the rights and interests of the survivors and their issue in the capital as well as the income of the fund become proportionally enlarged.

BILL OF INTERPLEADER, filed August 24, 1868, by the trustees under the will of Windsor Fay, who died in May 1844, and whose will, bearing date of August 20, 1836, was duly proved and allowed in June 1844, and, after special provisions immaterial to this case, gave the residue of his estate, consisting both of real estate and of personal property, to trustees, of whom these plaintiffs were successors, in trust, to manage, and " to pay over quarterly the rent, income and interest of said residue to my several children," (naming them, viz.: Eliza Fay, Lucinda Fay, Mrs. Dorcas C. Smith, Mrs. Helen M. Hathorne, Mrs. Caroline Pond, Mrs. Mary H. Brewer, Mrs. Lydia A. Robbins, William C. Fay, and Francis W. Fay,) " to be equally divided between them ; and in case of the decease of either of my said children without children or lawful issue, I will that the income and interest so given as aforesaid shall in like manner be divided among the survivors; but in case my said children die leaving issue, then the capital of such deceased child's share shall be equally divided among such issue, share and share alike, to their heirs and assigns forever."

The bill set forth the will, and alleged that Eliza Fay, who shortly after the making of the will became by marriage Mrs. Eliza French, died before the testator, leaving a daughter, who died in December 1844, seven months after the testator's death, and whose father, as her heir at law, demanded and received from the trustees one ninth of the trust fund; that Lucinda Fay died in October 1847, never having been married ; that

Mrs. Dorcas Fay, the testator's widow, died in 1861, leaving a will giving her estate in equal shares to her four surviving daughters; that Mrs. Dorcas C. Smith died in 1866, leaving Windsor F. Smith and five other children; and that Francis W Fay died July 20, 1868, leaving one child.

The bill further alleged that the six children of Mrs. Smith demanded to have set off and paid over to them one seventh of the trust fund; and that the child of Francis W. Fay made like demand for himself; but that the testator's surviving children, Mrs. Hathorne, Mrs. Pond, Mrs. Brewer, Mrs. Robbins and William C. Fay, resisted these demands, and denied the right of the trustees to comply with them.

These parties respectively were cited to interplead, and filed answers admitting the allegations of the bill and submitting their rights for determination. The case was reserved by *Colt*, J., on the bill and answers, for the decision of the full court.

*H. W. Paine*, for the children of Mrs. Smith and the child of Francis W. Fay.

*R. D. Smith*, for the surviving children of the testator.

WELLS, J. Two of the testator's children having deceased leaving issue, their children are entitled respectively, by representation, to have "the capital of such deceased child's share" withdrawn from the trust and divided among them. This provision is the only one in the entire will which indicates any intention of the testator in respect to the disposal of the principal of the fund. It is sufficient, however, to show that the testator intended to dispose of the principal as well as the income; giving the remainder, after the life interest of his children, to the issue of such as should leave issue. The difficulty in the case is, to ascertain what is the share of a deceased child that is thus made subject to such final disposition.

We are satisfied that this term must be held to refer to shares as determined by the provisions of the will itself, and not by the statute of distribution. Strictly, the children of the testator have no "shares," in respect of which there is either capital o income. By the will, the whole principal is made a joint trust for the benefit of the children, as a class, during their lives; the

income to be divided equally. Upon the death of any one of this class, without issue, " the income and interest so given as aforesaid shall, in like manner, be divided among the survivors." No change is made in the trust, except in this single particular, namely, the proportion by which the income is to be divided. When the daughter Lucinda died without issue, the proportion in which the others were entitled to receive the income became changed from eighths to sevenths. The right of the survivors to receive each one seventh of the joint income is derived from the terms of the will, as fully and directly as was their previous right to receive the one eighth part. The right is the same, however much the proportion may be changed by the provision for survivorship among those having the life interest. When the testator speaks of the shares of his children, he must have reference to the proportion by which the income is divided between them. The " capital " of each child's share must be such a proportion of the principal of the trust fund as will correspond with the proportion of income to which such child was entitled.

It follows from this reasoning, that the will is made operative to pass the entire principal of the trust fund to the issue of such children as leave issue. No part of it became distributable as undevised estate upon the decease of Lucinda without issue. By the terms of the will, the income of her " share " became merged in the joint income, and passed by accretion to the shares of the survivors. So also, by implication, the " capital " of her share, which was merged in the joint fund, became part of the " capital " of the enlarged shares of the surviving children of the testator.

Whether the issue of a deceased child, whose share of capital has already been separated from the joint fund, is entitled to any portion of the income or principal which would fall in by the subsequent decease, without issue, of one of the children of the testator, need not now be determined. Although Eliza French, one of the original nine children, died leaving issue, her issue became extinct before the decease of Lucinda; so that all questions raised by this bill are to be disposed of as if there had been but eight children in all.

The shares of capital which are now to be set off from the joint fund, for the purpose of distribution to the issue of the testator's deceased children Dorcas C. Smith and Francis W. Fay are respectively one seventh part of the principal of said fund. *Decree accordingly.*