HARRIET E. LITTLE & others *vs.* GEORGE H. SILVEIRA.

Plymouth.     November 8, 1909. — January 6, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Devise and Legacy.*

A testator by his will, after making provisions for his wife and giving to his sons certain outlying lands, disposed of the remainder of his estate, consisting of the homestead and personal property, for the benefit of his three daughters as follows : " To my daughters J., C. and E., I give, devise and bequeath to them and their heirs as tenants in common, all the residue and remainder of my estate, real and personal, so long as they shall respectively remain sole and unmarried, and if either of them should marry, my will is that those who remain single, shall have and enjoy the portion so devised to the one so marrying, they paying to the one marrying the sum of three hundred dollars, in six months from her marriage, and the further sum of three hundred dollars in twelve months from said marriage." The wife and daughters of the testator all were living with him at the homestead when the will was made and at the time of his death. None of the three daughters of the testator ever married, and all continued to live at the homestead during their lives. Two of them died and left all their property to the third. On her death she disposed of the property by will. The heirs at law of her father, the original testator, brought a writ of entry for the

homestead against her devisee, alleging that the interest of the three daughters of the original testator was for life only. *Held*, that the three daughters of the original testator took the property in fee as tenants in common; that, if the provisions in regard to marriage were enforceable, the share of each of the daughters was subject to be divested on her marriage on payment by the others of the sums named, but that, as they all remained unmarried, the title remained in them and became vested in the last survivor, who devised it to the tenant.

WRIT OF ENTRY in the Land Court dated October 15, 1908, by the heirs at law of Nathaniel Haskell to recover possession of his homestead in the town of Rochester, against the sole devisee under the will of Eugenia L. Haskell, the last surviving daughter of Nathaniel, who died unmarried in 1907 at the age of eighty-nine years.

In the Land Court the case was tried before *Davis*, J., who ruled that the title to the demanded premises was in the tenant and ordered judgment for the tenant. The demandants alleged exceptions.

The case was submitted on briefs.

*E. A. Burnett*, for the demandants.

*J. P. Doran*, for the tenant.

BRALEY, J. By his will Nathaniel Haskell, after making provisions for his wife and giving to his sons certain outlying lands, devised the homestead to his three unmarried daughters, " to them and their heirs as tenants in common, all the residue and remainder of my estate, real and personal, so long as they shall respectively remain sole and unmarried, and if either of them should marry, my will is that those who remain single, shall have and enjoy the portion so devised to the one so marrying, they paying to the one marrying the sum of three hundred dollars, in six months from her marriage, and the further sum of three hundred dollars in twelve months from said marriage." The daughters, none of whom ever married, lived at the homestead during their lives, and the last survivor, Eugenia L. Haskell, who by devise from the other two became vested with whatever interest they may have had, by her will gave and devised the demanded premises to the tenant. If the daughters or any of them took a fee, the demandants, who are the only surviving heirs of Nathaniel Haskell, never became seised. It is their contention, that the

estate was for life only, with an undevised remainder, which by descent has become vested in them. But here, as in the construction of all wills, refinements and distinctions which oftentimes may be raised with much subtlety and force must yield to the intention of the testator, to be ascertained from the language he employed, viewed in the light of attendant circumstances. The testator, his wife, and daughters were all living at the homestead when the will was published, and at the time of his death.* His sons, although remembered, are given a very inconsiderable portion when compared with the entire value of the estate, of which the larger part consisted of the homestead and the personal property. The primary object was to provide for the support of his widow, and for the shelter and sustenance of his daughters who had no other home. He contemplated that after his decease they would continue to live at the homestead, and the residuary clause " to them and their heirs as tenants in common," which is made subject to the life estate given to the widow, contains no devise over, but purports by these words to give and devise a fee. If as a class they had chosen the same wedding day, upon marriage, no one of them would have been required to make any payment to the others, for their simultaneous entrance into matrimony would have fully satisfied the testator's purpose. But if the provisions as to marriage which follow cannot be disregarded as repugnant, under the rule of construction adopted in *Bassett* v. *Nickerson*, 184 Mass. 169, and in *Pitts* v. *Milton*, 192 Mass. 88, the clause when construed as a whole is expressly for the benefit of those who remain single. The proviso, that upon a daughter's marriage her share shall be divested upon payment of the sums named, was intended to be applicable to the daughter remaining single, but whose sisters had married, for she then would become seised in fee of the entire estate. It being manifest that until the event happened the daughter remaining unmarried could not be ascertained, the devisees would continue to hold in fee as tenants in common, and as they all remained single, the title remained in them. The judge of the Land Court, therefore, rightly

* The will of Nathaniel Haskell was dated September 22, 1837, and was proved in 1841.

refused to rule that only a life estate was devised, and correctly held that the demandants had failed to show they were seised of the premises.

*Exceptions overruled.*