SABIN P. SANGER, trustee, *vs.* EMILY BOURKE & others.

Suffolk.    March 16, 1911. — July 21, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Devise and Legacy.    Will.*

Upon a bill for instructions by a trustee under a will, if it appears that, by the literal terms of the will, property devised in trust is left undisposed of in an event which has happened, but from a reading of the whole will it appears that the testator's intention was that the property in such event should go to the

issue of his children, the trustee will be instructed to carry out the intention of the testator as expressed in the whole will.

A testator by his will gave the residue of his estate to a trustee with instructions to pay the income to his nine children, naming them, to be equally divided among them, and, " in case of the decease of either of my said children without children or lawful issue, I then will that the income and interest so given as aforesaid shall in like manner be divided among the survivors, but in case my said children die leaving issue, then the capital of such deceased child's share shall be equally divided among such issue share and share alike, to their heirs and assigns forever." The last of the children died without issue. The trustees, under instructions from this court given in *Cook* v. *Smith*, 101 Mass. 341, had paid to the issue of each of the other children, as such children died, the fractional part of the fund of which their representative parents had received the income. In a suit in equity seeking instructions as to whether that portion of the principal which was left after the death without issue of the survivor of the children should be distributed as intestate property or should be divided among the issue of the deceased children, it was *held*, that the plain intention of the testator was to dispose of his whole estate, and, in the contingency which had happened, that the remaining principal should be divided in equal shares among his grandchildren and among the issue of any deceased grandchildren by right of representation.

If real estate is devised to a trustee in trust to pay the income to certain named children of the testator until the death of the survivor of them, and an intention of the testator is apparent from a reading of the whole will, although it is nowhere expressed therein in terms, that, if after several of the children had died leaving issue the survivor should die without issue, then the trust estate should pass to the grandchildren of the testator in equal shares and to the issue of deceased grandchildren by right of representation, upon the happening of such a contingency the fee of the real estate does not pass to those entitled thereto without further action of the trustee, but he should convey it to them.

BILL IN EQUITY, filed in the Supreme Judicial Court on June 10, 1910, by the trustee under the will of Windsor Fay, late of Boston, for instructions as to the disposition of the trust estate at the termination of the trust on the death of the last holder of a life interest in the income, and also as to whether the trustee should convey to those entitled thereto as tenants in common such of the trust estate as was realty or whether, on the death of the last holder of a life interest in the income, the realty passed to the person entitled thereto without further action on the part of the trustee.

George D. Burrage, Esquire, was appointed guardian *ad litem* to represent persons not ascertained or not in being, who were or might become interested in the subject matter of the suit, and Stephen H. Tyng, Esquire, was appointed guardian *ad litem* for certain minors.

The case was reserved by *Hammond*, J., for determination by the full court.

The portion of the will which related to the trust was as follows:

"Item. The residue and remainder of my estate real, personal and mixed, be the same more or less, or wherever to be found of which I may die seized or possessed, or entitled so to be, I do give, devise and bequeath the same to my son, William C. Fay and William A. Hyde and to the survivor of them and to his executors and administrators, but in trust to and for the several trusts uses and purposes hereinafter expressed and declared, and none other.

"In trust to manage the real and personal estate and from time to time to receive and collect the rents and income thereof and after making all needful repairs and deducting all expenses including insurance and all other reasonable charges necessarily incident to said trust, then

"In trust to pay over quarterly to my said wife, Dorcas, the income and interest of one third part of my said personal estate exclusive of the legacies aforesaid during the term of her widowhood.

"In trust, in the second place, to pay over quarterly the rent, income and interest of the said residue of my estate including and embracing that the use whereof is devised to my wife during widowhood, when the same shall fall in to my several children, Dorcas C. Smith, wife of Nathaniel P. Smith, Caroline Pond, wife of Sabin Pond, Mary H. Brewer, wife of Nathaniel Brewer, Lydia Ann Robbins wife of Henry Robbins, Lucinda Fay, Eliza Fay, Helen Maria Fay, William C. Fay, Francis W. Fay, to be equally divided between them, and in case of the decease of either of my said children without children or lawful issue, I then will that the income and interest so given as aforesaid, shall in like manner be divided among the survivors, but in case my said children die leaving issue then the capital of such deceased child's share shall be equally divided among such issue share and share alike to their heirs and assigns forever.

"And it is especially my will and intention that the said several shares of income and interest growing and arising out of the trust fund or property aforesaid and made payable to my

daughters through the agency of the trustees as aforesaid should be paid to my daughters upon their own separate order or receipt to be severally signed by themselves free from the control or interference of any husband or husbands, they now have or may in future have and not in any way to be subject to the debts of any such husband or husbands or to be liable upon any attachment, trustee process, judgment or execution and which said shares of income and interest as aforesaid and also the said capital are hereby expressly declared inalienable and not subject to sale, mortgage, lien, or any other incumbrance whatsoever by my said daughters or any husband or husbands they may have.

" And I do hereby authorize and empower my said trustees or the survivor of them to grant and sell the whole or any part of my estate real or personal with full power to execute any deed or deeds effectual in law, to pass a complete title thereto at and for such prices as they may deem proper, but the avails thereof are to be by them retained and held for the same uses and purposes as the lands or other property would be held by the trusts before created."

Other facts are stated in the opinion.

*H. H. Darling*, for the plaintiff, stated the case.

*W. N. Buffum*, for issue of Windsor Fay who were of age.

*G. D. Burrage*, guardian *ad litem* for persons not ascertained or not in being, *pro se.*

*S. H. Tyng*, guardian *ad litem* of certain minors, *pro se.*

SHELDON, J.    Windsor Fay by his last will gave the residue of his estate to trustees, and directed them to pay all the income and interest thereof to his nine children, naming them, to be equally divided among them.    He then provided as follows: "In case of the decease of either of my said children without children or lawful issue, I then will that the income and interest so given as aforesaid, shall in like manner be divided among the survivors, but in case my said children die leaving issue then the capital of such deceased child's share shall be equally divided among such issue share and share alike to their heirs and assigns forever."

One of these children died before the testator; and before August, 1868, three others of the testator's children died, of whom two left children and one had no issue.    The trustees

under the will thereupon filed a bill in equity in this court for instructions; and it was decided that no part of the principal of the trust fund should be distributed as undevised estate upon the death of a child without issue, but that the children of those of the testator's children who had died leaving issue were entitled respectively by representation to have " the capital of such deceased child's share," that is, the fractional part of the fund of which their respective parents received the income, withdrawn from the fund and divided among them. *Cook* v. *Smith*, 101 Mass. 341. It was declared by Wells, J., in giving the opinion of the court (p. 342), that the will showed " that the testator intended to dispose of the principal as well as the income " of the fund, and to give the remainder after the life interest of his children " to the issue of such as should leave issue." He also said (p. 343) that " the will is made operative to pass the entire principal of the trust fund to the issue of such children as leave issue." The question however was not determined, because not then presented, whether the issue of a deceased child, whose share of capital already had been separated from the trust fund, were entitled to any share of the principal or income which would fall in by the subsequent decease without issue of any child of the testator. After this decision, all but one of the five remaining children of the testator successively died, leaving issue, and there was paid over to such issue respectively one fifth, one fourth, one third, and one half of the trust fund as it existed at those respective times. A daughter of the testator, Lydia A. Robbins, was thus left the sole survivor of the testator's children, and she received accordingly the whole income of the diminished trust fund during her life. She has now died without issue; and the question arises whether the fund is to go to the heirs of the testator as undevised or intestate estate, or whether by the terms of the will it devolves upon the issue of the other children of the testator, whose then expectant shares of the capital had before the death of Mrs. Robbins been separated from the trust fund.

We cannot read this will without seeing that it was the intention of the testator to dispose of his whole estate, and moreover to provide that all the residue of his estate, after the termination of the life estate of his own children, should go to the issue of those

children. That was the view taken by this court in *Cook* v. *Smith*, 101 Mass. 341. But in the event which has happened the existing fund has been left undisposed of by the literal terms of the will; for Mrs. Robbins has left no issue to whom it can go and no surviving brothers and sisters to whose shares it can be added. Unless there is to be found in the will not only a manifestation of the testator's intention that this fund should be disposed of by the will, but also a clear and certain designation of the persons to whom it is to be paid, it must go as undevised property to his heirs at law. *Keating* v. *Smith*, 5 Cush. 232. *Buffington* v. *Maxam*, 152 Mass. 477. *Stearns* v. *Stearns*, 192 Mass. 144. *Walton* v. *Draper*, 206 Mass. 20. If, however, the language of the will does plainly and distinctly show that he intended a particular disposition of the fund, the court must give effect to that intention.

The case is governed by our decisions in *Metcalf* v. *Framingham Parish*, 128 Mass. 370, and *Boston Safe Deposit & Trust Co.* v. *Coffin*, 152 Mass. 95. Both of these cases go upon the ground stated by Gray, C. J., in the former of them: "If a reading of the whole will produces a conviction that the testator must necessarily have intended an interest to be given which is not bequeathed by express and formal words, the court must supply the defect by implication, and so mould the language of the testator as to carry into effect as far as possible, the intention which it is of opinion that he has on the whole will sufficiently declared." In each of the cases cited, the facts presented closely resembled those which are before us. In each case, the contingency which actually happened had not in terms been provided for, just as in the case at bar the event of the testator's last surviving child leaving no issue was not specifically provided for; but in each case the language which the testator used showed clearly and unmistakably that his intention would have been frustrated if effect had not been given to it in the manner adopted by the court. So in this case the language used leads directly and certainly to the conclusion that he intended the whole of this fund to go finally to the issue of his children to the exclusion of everybody else, although he did not, concern himself with its disposition after it should have come into the hands of such issue. We are not framing for the tes-

tator a conjectural intent, such as he might or perhaps naturally would have expressed, but which is not imported by the words which he has used. That we could not do. *Child* v. *Child*, 185 Mass. 376. *Boston Safe Deposit & Trust Co.* v. *Buffum*, 186 Mass. 242. *Todd* v. *Tarbell*, 187 Mass. 480. As was said by Loring, J., in *Lathrop* v. *Merrill*, 207 Mass. 6, 10, " the province of the court is not to conjecture what the testator's intention was and then read it into the will, but to ascertain his intention by construing the words which he used as the declaration of it." If it necessarily appears from those words that he intended to make a disposition of his property which he has not formally and precisely expressed, his intention will be declared and carried into execution. Rugg, J., in *Jones* v. *Gane*, 205 Mass. 37, 45. The principle has been declared and applied in many cases, both in this Commonwealth and in England. See, besides those already cited, *Hood* v. *Boardman*, 148 Mass. 330 ; *Seaver* v. *Griffing*, 176 Mass. 59 ; *Dary* v. *Grau*, 190 Mass. 482 ; *Polsey* v. *Newton*, 199 Mass. 450 ; *Towns* v. *Wentworth*, 11 Moore P. C. 526 ; *Abbott* v. *Middleton*, 7 H. L. Cas. 68 ; *Parker* v. *Tootal*, 11 H. L. Cas. 143 ; *Greenwood* v. *Greenwood*, 5 Ch. D. 954. The reasoning in *Little* v. *Silveira*, 204 Mass. 114, though the point was not directly involved, tends to the same effect. And see the other cases cited in *Metcalf* v. *Framingham Parish*, *ubi supra*.

But it has been argued that the language of the testator does not show that he intended the fund, in the event which has happened, to go to the issue of his deceased children. It is said that he dealt with the case of children dying without issue, and definitely provided that in that case it should go to his own surviving children, but chose to make no provision for the event of the last survivor having no issue. It is argued that he really provided that no part of the share of which children dying without issue had enjoyed the income should go to the issue of children who had previously deceased, but that the same should go to the surviving children. It is urged that his intention was that the issue of a deceased child, having received the " capital of such deceased child's share " as it was at the time of the latter's death, should not thereafter receive any further part or share of the trust fund ; for what he said and all that he said was

that the income of a child dying without issue should be divided among the survivors, which of course meant the surviving children of the testator.

This argument has been very ingeniously put by counsel, but its fallacy is that it first assumes that the testator could not have intended to make any other or further disposition of his property than what he has expressly and formally stated, and then rests upon the further assumption that the giving of a bequest to one set of beneficiaries, the issue of deceased children, together with a different disposition of other property or shares to take effect in a certain event, necessarily shows an intention that the first set of beneficiaries should in no event share in such other property. A similar line of argument applied to the facts of those cases would have reversed the decisions in *Metcalf* v. *Framingham Parish*, 128 Mass. 370, *Boston Safe Deposit & Trust Co.* v. *Coffin*, 152 Mass. 95, and in many of the other cases already cited, in which interests in bequests have been either created or extended beyond what could have been given under the mere words of the wills, in order to carry out the manifest intention of the testator. That intention must be gathered from all the language of the will, in connection with the circumstances that were known to the testator when he made it. We are not to look merely to singled out words, in which he plainly failed to express the whole of the intention which is apparent upon the face of the will.

In this case we are satisfied by reading the will that the testator intended to dispose of all his estate and to provide that it finally should go to the issue of his children.

We are of opinion upon the language of the will that distribution of the fund should now be made in equal shares among the grandchildren of the testator and the issue of any deceased granchildren by right of representation. *Dexter* v. *Inches*, 147 Mass. 324. *Hills* v. *Barnard*, 152 Mass. 67. *Jackson* v. *Jackson*, 153 Mass. 374. *Dary* v. *Grau*, 190 Mass. 482. *Coates* v. *Burton*, 191 Mass. 180. *McClench* v. *Waldron*, 204 Mass. 554.

Real estate constituting part of the trust fund should be conveyed by the trustee to the beneficiaries. *Keating* v. *Smith*, 5 Cush. 232.

*Decree accordingly.*