L. ROGER WENTWORTH, trustee, *vs.* RAGNA H. BELL & others.

Middlesex. January 21, 1924. — May 21, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Trust,* Construction of instrument creating trust. *Devise and Legacy,* Construction avoiding intestacy. *Words,* " Legal representative."

A will contained the following provision relating to a trust fund, the income of which was paid to daughters of the testator during their lives: " And in the event of their decease or that of either of them with issue, then my will is that the portion of each herein devised and bequeathed shall descend to said issue or in default of issue living upon the decease of said daughters or either of them, the portion of said daughters or daughter, shall descend to the surviving sister and brothers and their legal representatives." The testator, at his death, left four children, two sons and two daughters. At the time of the death of the survivor of the daughters, her sister and her brothers had died and only one of them, a brother, had left issue which then were living. The trust fund was claimed by such issue of a deceased brother and by the widow of the other brother, who was also a legatee under her husband's will. Upon a construction of the whole will, it was *held,* that

(1) While the last four words of the quoted passage could not be given exact effect, it appeared that the words " legal representatives " should be construed to have been used as the equivalent of the words " issue ";

(2) Distribution should be made to the issue of the deceased son and not to the widow of his brother who had died without issue.

PETITION, filed in the Probate Court for the county of Middlesex on August 13, 1918, by the trustee under the will

of Luther V. Bell, who died in Charlestown in 1862, for instructions.

The petition was heard on the pleadings and an agreed statement of facts by *McCoole,* J. Material facts are described in the opinion. The judge ordered a decree directing distribution to be made to the children of William A. Bell, a deceased son of the testator. The widow and legatee under the will of Charles J. Bell, a son of the testator who had died leaving no issue, appealed.

The case was argued at the bar in January, 1924, before *Rugg,* C.J., *DeCourcy, Crosby, Pierce,* & *Carroll,* JJ., and afterwards was submitted on briefs to all the Justices.

*F. W. K. Smith,* for Ragna H. Bell and the administrator of the estate of Charles J. Bell.

*G. Newhall,* for John W. Bell, Richard D. Bell and the administrator of the estate of William A. Bell.

RUGG, C. J. The decision of this case calls for an interpretation of a part of clause " 6th " of the will of Luther V. Bell, who died in 1862. He left four children, two sons and two daughters. One daughter died a minor, unmarried, without issue, in 1868. One son died on April 3, 1917, leaving as his only heirs two sons. Another son died in 1903, leaving no issue, but a widow to whom by will he gave all his property. The last surviving daughter died on April 14, 1917, in Germany, a widow without issue, testate, but her will has not been probated here. She was the last survivor of the children and the last surviving life tenant. The point to be decided is the meaning in their application to these facts of the words of clause " 6th " which related solely to daughters and which disposes of a fund of which each daughter was given the income during life, viz.: " And in the event of their decease or that of either of them with issue, then my will is that the portion of each herein devised and bequeathed shall descend to said issue or in default of issue living upon the decease of said daughters or either of them, the portion of said daughters or daughter, shall descend to the surviving sister and brothers and their legal representatives." Neither daughter left issue and the last surviving daughter had no surviving sister or brothers.

The question is whether the sons of the deceased son, who are now the only descendants of the testator, shall take, or whether the property is intestate estate.

The duty of the court in the interpretation of wills is to ascertain, so far as possible, the intent of the testator from the words in the will construed in the light of the facts with reference to which they were used. It is not permissible to go outside the language of the will and supply omissions or indulge in conjecture as to a probable purpose in circumstances for which no provision is expressed. There is, however, a general presumption against intestacy. *Jones* v. *Gane*, 205 Mass. 37, 43.

This will is not drafted with technical nicety. It is plain that the four final words of the quotation from clause " 6th " cannot be given exact effect. They can hardly operate as giving a legacy to the executor or administrator of a deceased brother or sister of the last surviving sister. The words " legal representatives " in clause " 9th " of the will are used as the equivalent of " issue." Unless so construed there, they would have slight, if any, effect. There is strong ground for argument that in clause " 7th " they are also used in the sense of " issue." In other parts of the will issue is employed in its accurate meaning. But that is not decisive of their meaning in clause " 6th," since the words are used in different senses in different places in the will.

The case at bar falls within the rule of *Sanger* v. *Bourke*, 209 Mass. 481. The crucial words in that will were, " In case of the decease of either of my said children without children or lawful issue, I then will that the income and interest so given as aforesaid, shall in like manner be divided among the survivors, but in case my said children die leaving issue then the capital of such deceased child's share shall be equally divided among such issue share and share alike to their heirs and assigns forever." The last survivor died without issue. The question was whether the corpus should go to issue of other predeceased children or be intestate property. It was held that it was not intestate but should go to the children of deceased brothers and sisters of the last survivor. That would be precisely like the case at bar

provided in the present will the final words of clause " 6th," viz., " and their legal representatives," had been omitted. It hardly seems that the presence of those words ought to make a distinction and render the fund here intestate instead of testate as in *Sanger* v. *Bourke*. Moreover, these words may be disregarded as superfluous. *Polsey* v. *Newton*, 199 Mass. 450, 454, and cases there collected. The case is distinguishable from *Lawrence* v. *Phillips*, 186 Mass. 320, and *Shea* v. *Maitland*, 237 Mass. 221.

The decree of the Probate Court is affirmed. Costs out of the fund as between solicitor and client are to be in the discretion of the Probate Court.

*So ordered.*