THE NATIONAL SHAWMUT BANK OF BOSTON & others,
trustees, vs. HELEN REARDON.

Norfolk.    December 11, 1936. — January 25, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Devise and Legacy*, Construction of particular phrase.  *Words*, "Home."

Construed in the light of the surrounding facts, a clause in a will stat-
ing the testator's wish that his sister and son should live in and have
the use of "my home" at a specified address, "or wherever my said
home may be located at the time of my decease," meant the house
at that address, in which he was living at the time of his death, not
a house which he then was building at another location and which
he intended should be a new home for himself, his sister and his son
when it was finished.

PETITION, filed in the Probate Court for the county of
Norfolk on January 22, 1936.

The petition was heard by *McCoole*, J., and a decree was
entered from which the respondent appealed.

*J. J. Kaplan*, (*R. V. Brown* with him,) for the respondent.
*E. H. Hewitt*, (*E. B. Horn* with him,) for the petitioners.

PIERCE, J.   The case is before this court on an appeal by
Helen Reardon from a decree of the Probate Court for Nor-
folk County upon a petition for leave to sell certain real
estate, brought by The National Shawmut Bank of Bos-
ton, Daniel B. Reardon and Everett B. Horn, trustees
under the will of Charles A. Reardon.

The sole question before this court is whether or not the
decree of the Probate Court, authorizing the trustees to
make the sale of real estate according to their petition, is
warranted as a matter of law by the language contained in
the eighth clause of the will of the testator, which was
duly admitted to probate.  Said clause reads in part as fol-
lows: "It is my wish and desire that my said sister, Helen,
live in and have the use of my home at 68 Samoset Avenue,
Quincy, Massachusetts, or wherever my said home may be
located at the time of my decease, together with my said

son, until he reaches the age of twenty-one (21) years, and I direct that this be so arranged and provided for by my said trustees. After my said son reaches the age of twenty-one (21) years I direct that he shall then have the power to decide what provisions he may desire relative to the home and a home for himself."

The facts pertinent to the decision of the question presented were agreed upon in the Probate Court on June 16, 1936. In substance they are as follows: Charles A. Reardon, the testator, died on May 30, 1932, leaving as his only heir at law a minor son, Charles A. Reardon, Jr., who was born on June 5, 1925. Margaret L. Reardon, the wife of the testator, died March 14, 1928. The testator's will was dated October 18, 1928. Helen Reardon, the appellant, was a sister of the testator. On June 16, 1925, the testator purchased the house at 68 Samoset Avenue, Quincy, and placed the title thereof in the name of his wife. From the time of the purchase the testator, with his own family, occupied the house until his death. On the death of Mrs. Reardon a one-third interest in said house passed to the testator and a two-thirds interest to the son. This was the status of the title at the death of the testator on May 30, 1932.

Helen Reardon, the appellant, after the death of Mrs. Reardon, went to live with the testator, kept house for him, and cared for his son. When the facts were agreed upon and when this case was heard in the Probate Court, she still lived in this house, on Samoset Avenue, with the minor son.

The testator left surviving him six brothers, three sisters and his minor son. In 1931, he purchased four vacant lots of land on Passonagasett Knoll in Quincy, which are the subject matter of the petition in this case, and in the fall of 1931 commenced the construction of a house thereon with the intention of establishing a new home for himself, for his son and for his sister, which "would be particularly adapted and appointed for those purposes." At the time of his death the house was unfinished in the following respects: "The finish floors, the finish stairs, the finish coats of interior and exterior painting and the papering had not been completed."

The new house was never occupied by the testator or his family and was completed after his death by his executor carrying out the contracts of the testator with the contractors.

All the material facts are set forth in the agreed statement of facts, and are found to be the facts by the judge of probate.

The fundamental issue presents the question whether the new house on Passonagasett Knoll, in Quincy, or the house at 68 Samoset Avenue was the testator's "home" at the time of his death, as that word was intended to be defined by the testator.    The appellant contends that it is clear from the language of the will and from the testator's circumstances at the time of the execution of the will and at the time of his death, that he desired that his son and his sister Helen should occupy the new house under construction at the time of his death.    The issue has to do with the interpretation of the eighth clause of the will and does not require or involve an application of facts to legal definition of domicil, as the appellees contend.

In common usage it is not unusual for a family to have a winter and a summer home.    The agreed facts in the case at bar disclose that the testator selected and purchased the lots described in the petition in 1931, pursuant to a plan he had entertained for about two years of establishing a new home for himself, his son and his sister Helen, which would be particularly adapted and appointed for those purposes.    Clause "Eighth" provides in part that "It is my wish and desire that my said sister, Helen, live in and have the use of my home at 68 Samoset Avenue, Quincy, Massachusetts, or wherever my said home may be located at the time of my decease."    It is not contended by the appellant that the home of the testator at his death was located at any place other than 68 Samoset Avenue, or that he had in mind when the will was executed, in 1928, the lands upon which he began the construction of a house in 1931.    We do not think that the court, pursuant to the supposed intention of the testator, should reconstruct the will so that the provision as to change of the location of the testator's home should cover a contemplated home, when, in fact, there had been

no change in the location of the testator's home at his decease.

The case at bar is distinguishable from *Sanger* v. *Bourke*, 209 Mass. 481, and cases cited.

*Decree affirmed.*