MARY W. NELLIGAN, trustee, *vs.* ELINOR L. GRAHAM
& another, cotrustees.

Suffolk.     December 6, 1963. — March 5, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Trust,* Income beneficiary. *Devise and Legacy,* Income beneficiary of trust.

Nothing precluded construing according to its literal meaning a provision of a will of a testator survived by three daughters that "Upon the death of . . . [a designated daughter] without issue" her lifetime share of the income of a trust established by the will should be paid "in equal

shares among the survivor or survivors of" the other two daughters; and, upon the deaths of the designated daughter without issue and of a second daughter, the third, last surviving daughter was entitled to the entire share of trust income which the designated daughter had received to the exclusion of a child of the second daughter who survived the second daughter.

PETITION for instructions filed in the Probate Court for the county of Suffolk on May 12, 1960.

The case was heard by *Mahoney, J.*

*Francis H. Farrell* for Mary W. Nelligan.

*William J. Ryter* for Elinor L. Graham.

WHITTEMORE, J. These are appeals from a decree of the Probate Court for Suffolk County that gave instructions as to the distribution of income under clauses 2 (f) and 2 (h) of the will of Thomas F. Welch.

Clause 2 (f), clause 2 (h), and related clauses are as follows: "2 . . . (e) The remaining net income [after gifts of income in clauses 2 (a) through 2 (d)] shall be paid as follows:— To my daughter, Katherine A. Long, during her lifetime, one-third (⅓) of said remaining net income. To my daughter, Ellen L. Welch, during her lifetime, one-third . . . [thereof]. To my daughter, Mary W. Nelligan, during her lifetime, one-third . . . [thereof]. (f) Upon the death of said Ellen L. Welch, without issue, or Mary W. Nelligan, to pay the remaining net income in equal shares among the survivor or survivors of my said children, Katherine . . ., Ellen . . ., and Mary . . . . (g) If . . . Ellen . . . dies leaving issue, to pay one-third (⅓) of the remaining net income for the education, maintenance and support of said issue until the termination of this trust. (h) Upon the death of . . . Katherine . . ., to pay one-third of the remaining net income for the education, maintenance and support of her children then living, until the termination of this trust."

The record contains a statement signed by the judge of "facts . . . agreed or uncontroverted at the time of the hearing." This is not a case stated.

The testator's children Katherine and Ellen are deceased. Their sister Mary, the appellant, survives them. When the

will was drawn she was married but had no children and has had none since that time. Ellen died without issue. Katherine's daughter Elinor L. Graham survived her and is now living. The beneficiaries under clauses 2 (a) through 2 (d) are deceased.

It is plain that Mary is entitled to the one third of the "remaining net income" as this is expressly given to her by 2 (e), and Elinor Graham is entitled to one third of such income by virtue of the express provision in 2 (h).[1]

The issue is what happens to Ellen's one third of the "remaining net income," there being no issue of Ellen to take under the express provisions of 2 (g).

The decree in the Probate Court provides that "Mary W. Nelligan is entitled to one half of the net income and the heirs of Katherine A. Long are entitled to one half of said net income . . . ." We hold that this recognition of heirs of Katherine under clause 2 (f) is error.

We construe clauses 2 (e) through 2 (h) as providing that each daughter, while living, shall have one third of the income remaining after the payments required by clauses 2 (a) through 2 (d) (hereinafter referred to as "the income"); upon the death of Katherine, her one third of the income shall go to her children; upon the death of Ellen, leaving issue, her one third shall go to such issue; and, subject to these provisions, upon and after the death of Ellen or Mary, the income shall go to such of the three children of the testator as from time to time survive.

The use of the phrase "remaining net income" in each of the clauses 2 (e) through 2 (h) obviously requires construction. The income distributable under clause 2 (f) cannot be all the income left after required payments under clauses 2 (a) through 2 (d) because clauses 2 (e), 2 (g) and 2 (h)

---

[1] In *Nelligan* v. *Long,* 320 Mass. 439, 442–444, we held that Elinor as the only surviving child of Katherine was the sole beneficiary under clause 2 (h) notwithstanding a living grandson of Katherine, son of a deceased child of hers. This grandson, Frank L. Long, Jr., is a party to the present proceeding although not mentioned in the statement of facts. In his answer he averred "That the only presently living individuals who are entitled to share in income of the said trust are said Mary E. Nelligan and said Elinor L. Graham." It appears from the opinion in the earlier case (p. 440) that the three daughters survived the testator.

call for specific distributions of income on stated contingencies, which distributions are to burden the "remaining net income." This, we think, calls for construing clause 2 (f) as subject to clauses 2 (e), 2 (g) and 2 (h).

The appellees contend that the clause "survivor or survivors of my said children, Katherine . . ., Ellen . . ., and Mary . . ." includes those who claim under Katherine. On a literal reading of clause 2 (f), however, the gift of income is to those of the three sisters from time to time surviving. *Lawrence* v. *Phillips,* 186 Mass. 320. *Abbott* v. *Williams,* 268 Mass. 275, 284. Page, Wills (Bowe-Parker ed.) § 34.32. Thompson, Wills (3d ed.) § 288. Cf. *Runey* v. *Edmands,* 15 Mass. 291, 292. Under this reading, Mary, as the last survivor of the children named, is entitled to the income remaining after the distributions called for by clauses 2 (e) and 2 (h). True, in some cases "surviving" may be read as "other," or "survivor" may be read as "surviving in the person of issue" or the like. *Balch* v. *Pickering,* 154 Mass. 363. *Sanger* v. *Bourke,* 209 Mass. 481. *Wentworth* v. *Bell,* 249 Mass. 120. See Restatement: Property, § 271, comment d; *Re James's Will Trusts,* [1962] Ch. 226, 236–246; Kales, Estates, Future Interests and Illegal Conditions and Restraints in Illinois, §§ 602–608; Newhall, Future Interests and the Rule against Perpetuities in Massachusetts (3d ed.) § 24; Simes and Smith, Future Interests (2d ed.) §§ 773–774; Note, 48 Harv. L. Rev. 1202, 1233–1235; Annotation, 166 A. L. R. 1277. This is not such a case. Giving the language of the will its literal meaning does not create an intestacy. Such a construction does not result in inequality among those standing in the same degree of relationship to the testator. There is no residuary gift over of income which might suggest such a construction. The scheme of disposition as a whole does not require it.

The decree is modified by striking out the first sentence of the third paragraph and substituting the following two sentences: The court decrees that Mary W. Nelligan in addition to the income payable to her under clause 2 (e) is entitled to the income of the trust payable under clause

2 (f), being, in the aggregate, all the income remaining after meeting the requirements of clause 2 (h). The payment of undistributed income shall be consistent herewith. As so modified the decree is affirmed. Costs and expenses of appeal may be awarded in the discretion of the Probate Court.

*So ordered.*