GEORGE CRULL and WIFE, Appellants, *v.* CHARLES F. KEENER, Executor, etc., Appellee.

APPEAL FROM SCOTT.

Where parties enter into a stipulation, and agree to certain facts to be submitted to the circuit court for adjudication, and that such decision may be brought to the supreme court for review, the circuit court has jurisdiction over the matter and persons, and should proceed to final judgment.

THIS, as a certified case, was submitted a year ago to this court. The supreme court, on the 24th of January, 1856, refused to entertain jurisdiction of the certified case; a notice was prepared by the attorneys of the plaintiffs, that they would file a declaration in the detinet in this case, more than ten days before the next term of the circuit court of Scott, to be holden the first Monday in April, 1856, and that the plaintiffs would insist on a trial of the cause at that term of the court. Declaration was filed 21st March, 1856, and notice served upon the defendant on the 24th of March, 1856. On the 7th day of April, 1856, the defendant filed a motion to strike this cause from the docket, which was allowed on the 11th day of April, 1856, and to the allowance of which motion the plaintiffs excepted. The error assigned is the allowance of said motion.

N. M. KNAPP and D. A. SMITH, for Appellants.

J. GRIMSHAW and J. A. HOLDMAN, for Appellee.

CATON, J. In this case of Crull and wife against Keener, both parties appeared in open court, at the October term, 1855, of the Scott Circuit Court, and filed a written stipulation, reciting that this was an action of debt for $1,000, brought by the plaintiffs for services rendered by the wife to her father, the defendant's testator. The stipulation further recites, that "this suit was brought in the month of July, 1855," and goes on with an agreed state of facts, by which the plaintiffs claim that they are entitled to recover, and the defendant insisted that the claim was barred by the statute of limitations. Then follows an agreement, that the question of law arising on that agreed state of facts, should be submitted to this court for its decision, in the form of a certificate, under the statute. This court, when the case on that certificate was brought here, decided that we had no jurisdiction of it, no decision of it having been made in the circuit court, and that the cause was still pending in that court. After that decision, in this court, the defendant moved the circuit court to strike the cause from

the docket, which motion was sustained, and which is now assigned for error. We can perceive no good reason why the cause should have been stricken from the docket. As a matter of law, the court had jurisdiction of the subject matter, and as a matter of fact, it had jurisdiction of the persons of both parties. The appearance of the defendant gave the court as complete jurisdiction over him as the service of a summons would have done. He stipulated that an action had been commenced against him, stating the time when, and for what cause, and agreed upon a state of facts upon which the rights of the parties depended. If it be said, that those facts were agreed upon only for the purpose of getting the opinion of this court, upon the question of law arising thereon, and not for the judgment of the circuit court, it may, for the present, be conceded; but that does not show that the appearance of the defendant in that court was for any special purpose, or with any reservation. The stipulation of the pendency of the action, and of the time of its commencement, was certainly unreserved. The party was either in court for all purposes, or else he was not there for any purpose. There are cases where the defendant may make a *quasi* appearance, for the purpose of objecting to the manner in which he is brought before the court, and, in fact, to show that he is not legally there at all; but if he ever appears to the merits, he submits himself completely to the jurisdiction of the court, and must abide the consequences. Suppose he had been served with a summons in this very case, and then the parties, by this same stipulation, had made this abortive attempt to bring the original case before this court, in the unfinished condition in which we first made its acquaintance, would our dismissing it from this court have put the party, or the cause, out of the circuit court? As before remarked, after his appearance to the merits in the circuit court, the defendant was as completely before that court, as if he had been served with a summons in the usual way. After that appearance and stipulation, the whole case was, and continued before the circuit court, and there it stood for trial, or other disposition, the same as any other cause, entirely unaffected by the proceedings which were had in this court. All that was done here was to determine.that no case was, in fact, before us, and that we could do nothing. The court should have proceeded to a trial, or other proper disposition of the cause.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*