MARTHA C. B. CHASE, executrix, *vs.* MERRILL B. CHASE.

Middlesex.    March 27. — 30, 1882.    ENDICOTT & FIELD, JJ., absent.

A testator gave the sum of one thousand dollars in trust to pay the principal and accrued interest to his son when he should arrive at the age of twenty-one years; and gave to his wife the use, income and improvement of all the remainder of his estate, real or personal. His real estate consisted of an interest as tenant in common of an equity of redemption in a parcel of land. *Held*, on a petition by the executor for the instruction of the court as to the construction of the will, that the testator intended to give only one thousand dollars for the direct benefit of his son, and his wife took absolutely the rest of the personal estate; and that, under the petition, the court could not decide as to the real estate.

PETITION to the Probate Court, by the executrix of the will of Lewis H. Chase, who died in February 1881, leaving a will, which contained the following clauses: "First. I give the sum of one thousand dollars to my wife, Martha C. B. Chase, as trustee, upon the trust to pay the principal and accrued interest thereon to my son, Merrill B. Chase, when he shall have arrived to the age of twenty-one years. Second. I give and bequeath the use, income and improvement of all the remainder of my

estate, real or personal, of whatever name or nature, of which I may be possessed at the time of my decease, to my wife, Martha C. B. Chase."

The petition alleged that the petitioner was the widow of the testator, and the respondent was his only child and heir at law; that the estate of the testator consisted of his interest in the firm of Chase and Company of Boston, being personal estate and amounting to $10,000, household furniture of the value of $800, and his interest as tenant in common of an equity of redemption in a parcel of land in Iowa, believed to be of no value over and above the mortgage; and that doubts had arisen as to the legal effect of the second clause of the will; and prayed for the instruction of the court as to the construction of said clause and the disposition of the property named therein.

The Probate Court determined that, under said clause, the petitioner took "a fee in all the real estate and an absolute interest in the personal estate of said deceased remaining in her hands after the payment of the legacy mentioned in the first clause of said will, and after the payment of the debts of said deceased, funeral expenses and cost of administration."

The respondent appealed from this decree, assigning as reasons of appeal, that, by the true construction of said clause, the petitioner took "only the use and income of said real and personal estate during her life, and that the remainder or reversion of both said real and personal estate is in this appellant upon the termination of said life estate."

Hearing before *C. Allen*, J., who reserved the case for the consideration of the full court.

*G. S. Boutwell & G. A. King*, for the petitioner.

*W. F. Slocum*, for the respondent.

C. ALLEN, J. Ordinarily, an unqualified gift of the use, income and improvement of personal estate vests an absolute interest. *Adamson* v. *Armitage*, 19 Ves. 416. *Blann* v. *Bell*, 5 DeG. & Sm. 658. *Hatch* v. *Bassett*, 52 N. Y. 359. Theobald's Law of Wills (2d ed.) 374. 4 Kent Com. 536, *n.* It is true that this rule may be controlled, if a different intention appears; but this will does not show a different intention. There is no gift over. A partial intestacy is not favored. *Given* v. *Hilton*, 95 U. S. 591. Pub. Sts. *c.* 127, § 24. The

testator apparently meant to give only one thousand dollars for the direct benefit of his son, and his wife takes absolutely the rest of the personal estate. Under this petition, we cannot decide as to real estate. *Decree as to personal estate affirmed.*