JACOB W. SEAVER & another, trustees, *vs.* EDWARD S. GRIFFING & another, assignees, & others.

Suffolk.   December 4, 1899. — May 16, 1900.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Trust — Principal — Income — Fund not passing to Assignees in Insolvency.*

A testator gave the residue of his estate to trustees " to collect the income thereof, and, after deducting the necessary expenses, to pay over the balance thereof as follows: To my wife, L., the sum of five thousand dollars a year during her natural life . . . to pay over the residue and remainder in equal shares to my

said children S., J., B., F., and W. In the event of the death of my said wife, L., I direct that the whole of the income shall be paid over to my said children [named] share and share alike. I direct that the lawful issue of a deceased child, or grandchild, shall take the parent's share by right of representation, but *to continue in trust until they shall have arrived to the full age of twenty-one years,* the income during minority to be applied for their support and education. In the event of the death of the issue of a deceased child before arriving to the full age of twenty-one years, I give . . . the principal and any accumulated interest thereon to my surviving children, share and share alike." There was also a provision that the daughters' share in the income should not be subject to the control of their husbands or be liable for their debts. The wife died in 1888 and the son F. in August, 1898, having just before been adjudged an insolvent debtor, and leaving four children. *Held,* that the assignees in insolvency of F. were not entitled to any part of the fund, but that a part of the principal of the fund, proportionate to the share of the income received by F. during life, should be divided into four parts, one to be transferred to the oldest child, who had reached his majority, and the other three to be set aside, one for each of the three children, and to be severally held in trust during the minority of each child, and to be transferred to him or her upon coming of age.

BILL IN EQUITY, by the trustees under the will of George F. Weld, asking for the construction of the fifth paragraph thereof.

By this paragraph the testator gave the residue of his estate to trustees " to collect the income thereof, and after deducting the necessary expenses, to pay over the balance thereof as follows: to my wife Lydia Weld the sum of five thousand dollars a year during her natural life in equal quarterly payments of twelve hundred and fifty dollars each, to pay over the residue and remainder in equal shares to my said children Sarah A. Seaver, James G. Weld, Julia R. Bradlee, Franklin Weld and Samuel M. Weld. In the event of the death of my said wife Lydia Weld I direct that the whole of the income shall be paid over to my said children, Sarah, James, Julia, Franklin, and Samuel share and share alike. I direct that the lawful issue of a deceased child, or grandchild, shall take the parent's share by right of representation, but to continue in trust until they shall have arrived to the full age of twenty-one years, the income during minority to be applied for their support and education. In the event of the death of the issue of a deceased child before arriving to the full age of twenty-one years, I give, devise, and bequeath the principal and any accumulated interest thereon to my surviving children share and, share alike. My will is that my daughters' share in said income shall be so held and paid over that the same shall not be subject to the control of their

husbands (except such as is herein given), or be liable for debts or engagements of their contracting, but shall from time to time be paid over to them upon their sole and separate receipt."

The testator died in 1875, leaving his wife and five children surviving; the wife died in 1888, and his son Franklin Weld died in August, 1898, having been adjudged an insolvent debtor a few months prior to his decease. Franklin Weld left four children surviving him, George F. Weld, Stanley Barton Weld, Lydia G. Weld, and Julia R. Weld, the first-named only having reached the age of twenty-one years; 'and the question presented for decision is whether any share in the principal of the trust estate belongs to the assignees in insolvency of Franklin Weld.

*Holmes*, C. J., reserved the case for the consideration of the full court.

*N. P. Dodge, Jr.*, for the trustees, read the papers in the case.

*H. Wheeler*, for the children of Franklin Weld.

*J. Willard, guardian ad litem*, for Carley Gould Weld, a minor, a child of Samuel M. Weld.

*A. P. Thom*, (of Virginia,) (*M. M. Weston* with him,) for the assignees.

LORING, J. We are of opinion that the assignees in insolvency of Franklin Weld are not entitled to any part of the fund created by the fifth article of the will of George F. Weld.

" The general principles which apply to the construction of a clause similar to the one in question are well settled. While care must be taken that courts do not undertake to make wills for testators, and while their meaning is not to be ascertained by mere conjecture as to what they may have intended, the true meaning of words used is to be arrived at by considering them in their relation not only to the clause immediately in question, but to the whole will. Their more grammatical or ordinary sense is not to be adhered to, if it would be repugnant to or inconsistent with the remainder of the instrument. Where there has been a failure also in such a clause to use the technical or positive language appropriate to express a meaning which is evident from the whole will taken together, and where the language for that purpose is defective, necessary words may be supplied, or words may be transposed to effectuate the obvious

intention." *Devens*, J., in *Boston Safe Deposit & Trust Co.* v. *Coffin*, 152 Mass. 95, 98.

It is plain that the clause, " to pay over the residue and remainder in equal shares to my said children," naming them, is a direction as to the payment of the balance of the income left after paying his widow $5,000 a year. The statement in the will of the trust, on which this property is held, begins by providing that the property is to be held in trust " to collect the income thereof, and, after deducting the necessary expenses, to pay over the balance thereof as follows : to my wife Lydia Weld the sum of five thousand dollars a year ; " and then comes the clause in question.

The next clause is a clause which professes to deal with the income ; it is in terms a disposition of " the whole of the income," and the disposition made of " the whole of the income," " in the event of the death of my said wife," is that there shall be an equal division of it among his children, naming them.

The next clause is the clause which gives rise to the controversy in this case, and it is as follows : " I direct that the lawful issue of a deceased child or grandchild shall take the parent's share by right of representation, but to continue in trust until they shall have arrived to the full age of twenty-one years, the income during minority to be applied for their support and education."

The children of Franklin Weld contend that the words, " I direct that the lawful issue of a deceased child or grandchild shall take the parent's share by right of representation," constitute a gift of the principal ; the assignees of Franklin Weld contend that this clause is in terms a substitutional gift to the children of what was given to their parents ; that the words used mean that and can mean nothing else. The children say that this is a gift to the issue of a deceased child or grandchild, of such portion of the principal as corresponds to the share its ancestor (the testator's child or grandchild) had in the income ; the assignees contend that there is no gift of the principal except the substitutional gift contained in the next clause (which is hereinafter set forth but which does not affect this question), and that the parents are entitled to the principal by virtue of the clause disposing of " the whole of the income " under the

doctrine of *Chase* v. *Chase*, 132 Mass. 473; and further, that, since the principal is thus construed to be given to the parents, and since this is a substitutional gift to issue of their parents' share, it must be a gift of what their parents would have had, had they survived the testator, under the rule in *Briggs* v. *Shaw*, 9 Allen, 516. The subsequent clause disposing of the principal referred to above is as follows: " In the event of the death of the issue of a deceased child before arriving to the full age of twenty-one years, I give, devise, and bequeath the principal and any accumulated interest thereon to my surviving children, share and share alike." The doctrine of *Chase* v. *Chase*, on which the assignees rely in support of their contention that the gift to the children of " the whole of the income " carries the principal, is that a gift of the use, income, and improvement of specified personal property will be construed to be a gift of the principal thereof, to avoid holding that there is a partial intestacy, where there is no other clause in the will which can be construed to be a gift of the principal. The rule in *Briggs* v. *Shaw* is that where a gift which is explicitly a gift of the principal is followed by a gift over in the event of the death of the first legatee, the. second gift is construed to be a gift in case the first legatee dies before the testator; that is to say, to avoid holding that the first gift is cut down to a life estate in the teeth of the language of the clause by which the first gift is bequeathed, the second gift is construed to be a gift in case the first legatee dies before the testator, and the words " before the testator " are read into the will.

It is not fair, in construing Mr. Weld's will, to assume that the clause disposing of " the whole of the income " gives a fee to the children, because it would have done so had the will ended there and not contained the clause which the grandchildren of the testator contend is a gift of the principal, and then to apply the rule, which, to avoid cutting down to a life estate a gift which is in terms a gift in fee, reads into a clause, " in case the first legatee dies," the words, " before the testator."

The question on which the construction of this will depends, when fairly put, is this: Taking the two clauses together, is the first clause to be construed to be, what it is in terms, a gift of the income and the second to be a gift of the principal, on

the one hand; or, on the other hand, is the second clause to be construed to be, what it is in terms, a substitutional gift, and the first clause, for that reason, to carry the principal, in spite of the fact that it is in terms limited to "the whole of the income"? In short, the choice lies between giving full effect to the words, "the whole of the income," in the first clause, on the one hand; and, on the other hand, giving to the words, "the parent's share by right of representation," in the second clause, their strictly technical meaning.

We are of opinion that full effect must be given to the words, "the whole of the income," in the first clause; and that this testator did not use the words, "the parent's share by right of representation," in their strictly technical sense to mean that the issue should have only what their parents would have had, thereby adopting a construction which makes it necessary to read into the will the words, "if they had survived the testator"; but we think that the testator meant, by using these words, to provide that the issue should have that portion of the principal which is proportionate to the share their parent had in the income. It is not uncommon in ordinary conversation to speak of the share in an estate, of which A. B. has the income for his life, as A. B.'s share in that estate; and in construing this will, which is not well drawn and which bears on its face the marks of having been written by one who had some familiarity with legal phrases, but who had no adequate knowledge of their import, as in *Foster* v. *Smith*, 156 Mass. 379, 382, 383, we think that we must give full effect to the words, "the whole of the income," rather than give their strictly technical meaning to the words, "the parent's share by right of representation." This conclusion is enforced by the provision at the end of this article of the will, where the testator provides that "my daughters' share in said income" shall not be subject to the control or to the debts of their husbands; this reference to the interest given to his daughters as a "share in said income" shows that the testator supposed that, by the previous provisions of the same article, the daughters had been given a share in the income and not a share in the principal, as the assignees contend.

There is another possible construction of the fifth article under which the assignees would take an interest, and that is

this : If the contention of the children of Franklin Weld is conceded, that the gift to the children of the testator is a gift of the income, and if the contention of the assignees is conceded, that the gift to the " lawful issue of a deceased child or grandchild " is a substitutional gift, the only gift over of the principal is that contained in the clause, " in the event of the death of the issue of a deceased child before arriving to the full age of twenty-one years, I give, devise, and bequeath the principal and any accumulated interest thereon to my surviving children, share and share alike."    If this construction is the true one, the children of the testator had a life estate ; in case they died before the testator, their issue had a life estate ; in case a grandchild died before attaining its majority, " the principal " was bequeathed to the surviving children of the testator, and the testator died intestate as to the principal of the residue of his estate, except so far as the gift over of " the principal " just referred to in fact takes effect.

But it is plain, taking the whole will together, that the testator intended to dispose of his whole estate, and did not intend to leave the principal of the residue of his estate practically undisposed of.   Under this construction the principal of the whole residue is practically undisposed of, for it is disposed of only in case one of his children dies before him and leaves a child who dies before coming of age, and in that contingency only that portion of the residue is disposed of, the income of which went to the support of that child during its minority ; it is inconceivable that the testator intended to dispose of the principal in that one contingency and not to make any disposition of it, if that remote contingency did not occur.   This is decisive of the matter.   *Metcalf* v. *Framingham Parish*, 128 Mass. 370.   *Phelps* v. *Phelps*, 143 Mass. 570.   *Hood* v. *Boardman*, 148 Mass. 330.

But apart from that general consideration, there are greater difficulties in dealing with the words used by the testator if that construction is adopted than are encountered under the construction of the will which we have adopted as the true one.   On that construction no effect is given to the following clause in the gift to the lawful issue of a deceased child or grandchild, namely, " but to continue in trust until they shall

have arrived to the full age of twenty-one years, the income during minority to be applied for their support and education." If this gift is a substitutional gift of income to the issue of children who die before the testator, it is *ex vi termini* a gift of an interest which is to remain in trust during the several lives of the respective children who become entitled under it; and the clause that it " is to continue in trust until they shall have arrived to the full age of twenty-one years " is not only superfluous but is read out of the will. This clause, providing that the subject of the gift, whether principal or income, is not to remain in trust after the issue reach twenty-one years, shows that the subject of that gift cannot be a life interest in a trust estate, and the conclusion is inevitable that the subject of it is the principal, to the income of which the child in question was entitled for its support during its minority. And again, the gift over of principal, which, on this construction, is the only gift over of principal contained in the will, is not intelligible unless words are added to the will limiting it to that portion of the principal, to the income of which the child so dying would have been entitled ; that is to say, reading into the will words almost similar to the only words which have to be read into it under the construction which we have adopted.

We are, therefore, of opinion that a part of the principal of the trust fund, proportionate to the share of the income received by Franklin Weld during his lifetime, is now held in trust for his four children, and should be divided into four parts : one part should be transferred to George F. Weld, who has reached the age of twenty-one years; the other three parts should be set aside, one for each of the other three children, and should be severally held in trust during the minority of each child, and transferred to it upon its coming of age.

*Decree accordingly.*