ARTHUR G. WALTON, trustee, *vs.* MARTHA DRAPER & others.

Middlesex.    March 10, 1910. — May 18, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Devise and Legacy.    Trust.    Evidence,* Extrinsic affecting writings.    *Will.*

A testatrix left certain personal property in trust, to pay over the income therefrom to her two sons "share and share alike . . . upon the death of either to pay his share of the income to the lawful issue of his body, but if he dies without issue then to pay the entire net income to the survivor: upon the death of both this trust shall cease and determine." The sons survived the testatrix, and both died, each leaving a will and without issue. Those, who were next of kin of the testatrix at the time of the death of the survivor of the sons, claimed the right to have the trust fund transferred to them and offered oral evidence˙ tending to show that the testatrix had intended to make this disposition of the property. *Held,* that the will was unambiguous, that there was an intestacy as to the principal of the trust fund after the death of the survivor of the sons without issue, and therefore that the fund should be paid to the executors of the wills of the sons, who were the next of kin of their mother at the time of her death.

BILL IN EQUITY, filed in the Probate Court for the county of Middlesex on October 22, 1908, by the trustee under the will of Sarah A. Patch, late of Wakefield, for instructions as to whether the principal of the trust fund described in the opinion should be transferred and conveyed, one half to the executrix of the testatrix's son Fred C. Patch, and one half to the executor of

the will of her son Charles H. Patch, for disposition in accordance with the wills of such sons, they having been living at the time of the death of the testatrix and being then her sole heirs and next of kin, but having since died without issue ; or whether the fund should be transferred and conveyed to the other defendants, who were the testatrix's next of kin at the time of the termination of the trust.

In the Probate Court *Lawton*, J., made a decree ordering the conveyance and transfer of the principal to the executrix of the will of Fred C. Patch and to the executor of the will of Charles H. Patch.

On appeal the case was heard by *Rugg*, J., who ruled that certain evidence, which tended to show that the testatrix had intended her property ultimately to go to those who were her next of kin at the time of the termination of the trust, was inadmissible, confirmed the decree of the Probate Court, and reported the case for determination by the full court.

*G. W. Anderson*, for Arthur G. Walton, the executor of the will of Charles H. Patch, and Martha E. Stelle, the residuary legatee under that will.

*W. A. Ladd*, for Charles A. and Frederick A. Draper, of the next of kin.

*R. E. Buffum*, for Martha Draper and Fannie Johnson, the others of the next of kin.

*T. Eaton*, for G. Maude White, executrix of the will of Fred C. Patch.

BRALEY, J.   The testatrix, after having provided for the payment of debts, funeral expenses and the maintenance of her family burial lot, and making small pecuniary bequests to her sister and several public charities, devised and bequeathed by the eighth clause of her will the residue of her property in trust. The trustee, who was given ample discretionary powers in the investment and management of the estate, was directed to pay over the income to her sons, " Charles H. Patch and Fred C. Patch share and share alike . . . upon the death of either to pay his share of the income to the lawful issue of his body, but if he dies without such issue then to pay the entire net income to the survivor : upon the death of both this trust shall cease and determine." The sons who survived their mother were her only

heirs, and, they having died testate but without issue, upon the death of the survivor the trust terminated. At the time of his death her next of kin were some of the defendants, and the question for decision is, whether the principal shall be divided among them, or be paid over in equal proportions for distribution under the wills of the beneficiaries for life. We assume, in the absence of any statement to the contrary, that the residue turned over to the trustee consisted solely of personal property.

If the use and income had been directly given to the sons, or if, after using such terms, the gift had been coupled with the further provision that the estate should be held in trust, a construction could be adopted that the testatrix intended an absolute gift of the principal, or that the sons took an equitable fee, and a partial intestacy would be avoided. *Chase* v. *Chase,* 132 Mass. 473. *Seaver* v. *Griffing,* 176 Mass. 59. *Fay* v. *Phipps,* 10 Met. 341. *Holden* v. *Blaney,* 119 Mass. 421. *Warren* v. *Street Commissioners,* 181 Mass. 6, 15. *Chauncey* v. *Francis,* 181 Mass. 513. *Chauncey* v. *Salisbury,* 181 Mass. 516. *Hayward* v. *Rowe,* 190 Mass. 1.

But, evidently intending to provide a permanent income for her sons, she placed the residue in trust, which gave them no right to possess or power to use the principal, and the legal title remained in the trustee until the termination of the trust. *Gibbs* v. *Marsh,* 2 Met. 243. It may be, that she overlooked the contingency that both sons might die childless, or that after her purpose for the benefit of her children or grandchildren had been accomplished, if no further provision was made, the property would go to her next of kin. It is also conceivable that, having the matter in mind, she did not care to make any disposition of the remainder upon the falling in of the equitable life estates. But whatever may have been the reason, the language she employed being unambiguous and the other clauses of the will failing to disclose a different intention, the evidence of conversations with the testatrix either before or after the will was executed and published, offered by the defendants, was inadmissible to vary or enlarge the terms of the instrument or to supply possible omissions. If extrinsic evidence of this character were admissible, where no claim is advanced that fraud was practised upon the testator, every will might be reformed or

remoulded to meet the demands of disappointed heirs or legatees. *Lincoln* v. *Perry*, 149 Mass. 368. *Best* v. *Berry*, 189 Mass. 510, 512. *Polsey* v. *Newton*, 199 Mass. 450, 455, and cases there cited.

The equitable reversion, therefore, vested at her death in her sons as her next of kin, although by reason of the trust they never came into possession, and the share which each inherited passed by the provisions of their respective wills. *Keating* v. *Smith*, 5 Cush. 232, 235. *Stearns* v. *Stearns*, 192 Mass. 144. *Cushman* v. *Arnold*, 185 Mass. 165, 169.

It accordingly remains the duty of the trustee to divide the principal into two equal parts, and pay one part to the executor of the will of Charles H. Patch, and the other part to the executrix of the will of Fred C. Patch.

*Decree of Probate Court affirmed.*