JOHN B. HULL, executor, *vs.* FRED W. ADAMS & others.

Berkshire.    September 19, 1933. — May 24, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Probate Court*, Petition for instructions, Parties, Waiver of objection to informalities. *Waiver*. *Devise and Legacy*, What estate.

The executor of a will presented to a probate court a petition for instructions upon the question, "To whom should the unexpended balance" of the fund of a trust established by the will "be paid" after the death of a certain beneficiary named therein. A trustee of the fund had been appointed and had possession of the unexpended portion thereof. He was not named as a party, but signed an agreed statement of facts upon which the petition was submitted to the court and which concluded with a request for instructions on such question. The parties raised no question of parties, form or procedure. *Held*, that

(1) While the petitioning executor had no standing to bring the petition, the trustee had a standing, and, by his signature to the agreed statement and its concluding request, submitted himself to the jurisdiction of the court and might be treated as seeking the instruction;

(2) The parties, by submitting the case upon an agreed statement of facts, waived objection to all informalities of procedure not affecting the jurisdiction of the court;

(3) Notwithstanding the informality with which the petition was brought, it was proper, in the circumstances, for the court to consider and determine the question of law raised.

A will contained a provision: "I give and bequeath to my Brother" $10,000, "the use of same and as much of the principle [*sic*] as is neces-

sary for his support, care, and comfort. The balance of my estate to be divided in three parts as herein mentioned." There followed the descriptions of persons who "are to share equally alike of the balance of my estate." No trustee was named in the will. *Held*, that

(1) The gift to the brother was limited and not absolute;

(2) The circumstance, that no trustee was named in the will, was not of significance in the construction of such provision;

(3) After the brother's death, an unexpended balance of the $10,000 should be paid to those named to share in the "balance" of the estate.

PETITION for instructions, filed in the Probate Court for the county of Berkshire on July 10, 1933, and described in the opinion.

The petition was reserved and reported by *Robinson*, J., for determination by this court upon an agreed statement of facts described in the opinion.

*H. L. Harrington*, for the respondent John B. Hull, special administrator of the estate of David D. Steenburg.

*F. M. Myers*, for the respondent Adams, (*J. H. Glavin, Jr.*, of New York for May Steenburg, with him).

*W. E. Morris* of New York, for Amy Steenburg Wager and another, submitted a brief.

RUGG, C.J. This is a petition by the executor of the will of Anna E. Adams for instructions as to the meaning of a paragraph in that will. It is stated in the report that all persons interested are of full age and have waived notice and that there are no persons not ascertained or not in being who are or may become interested in the estate. The case was submitted without testimony upon a stipulation and agreed facts, and without decision was reported for our determination. The will of the testatrix, after directing the payment of her debts and funeral expenses, contained these words: "I give and bequeath to my Brother David D. Steenburg Ten Thousand dollars the use of same and as much of the principle [*sic*] as is necessary for his support, care, and comfort. The balance of my estate to be divided in three parts as herein mentioned." Then follow the descriptions of the three persons who "are to share equally alike of the balance of my estate." An executor was named "without bonds." The will was dated in January, 1932. It contains no provision for the appointment of

a trustee of the fund of $10,000. The size of the estate of the testatrix does not appear. There is no indication how much, if at all, it exceeded $10,000. The brother, David D. Steenburg, died in this Commonwealth in August, 1932. He left an instrument purporting to be a will disposing of all of his property, which has not yet been allowed. A special administrator of his estate has been appointed, who is a party to these proceedings. After the allowance of the will of the testatrix, Michael L. Monahan was appointed a trustee of the fund given for the benefit of David D. Steenburg. He received that fund and a substantial part of it remains unexpended. The record does not state with positive assertion who now has possession of the balance of the legacy left for the benefit of David D. Steenburg.

No question has been raised as to parties, form or procedure. The case has been argued solely as to the answer which ought to be made to the request for instructions as to disposition of the unexpended balance of the legacy of $10,000 left at the death of David D. Steenburg. Nevertheless, notice ought to be taken of the extreme informality of the procedure. In some aspects it might affect the power of the court to decide the question sought to be raised.

It is assumed that the special administrator of the estate of David D. Steenburg has authority to represent his estate in this proceeding. *Meagher* v. *Kimball*, 220 Mass. 32. *Purcell* v. *Purcell*, 233 Mass. 62. *Albert E. Touchet, Inc.* v. *Touchet*, 264 Mass. 499, 509. G. L. (Ter. Ed.) c. 193, § 11.

There is difficulty about treating the petitioner as entitled to maintain the petition, because it does not appear that the trust fund as to the disposition of which instructions are sought has come to his hands. There is no allegation in the petition to that effect and no statement of that nature in the stipulation and agreed facts. The record does not show any fund held by the petitioner as executor as to the disposition of which questions have arisen. A trustee has no right to maintain a suit in equity for instructions concerning a trust fund which has not come into his possession. He must wait until he has a present duty to perform

with respect to property in his hands before he can come into court for instructions respecting it. *Proctor* v. *Heyer*, 122 Mass. 525, 528. *Hill* v. *Moors*, 224 Mass. 163, 165. *Putnam* v. *Collamore*, 109 Mass. 509. *Nickerson, appellant*, 181 Mass. 571. *Austin* v. *Bailey*, 163 Mass. 270.

The fair inference from the record is that Michael L. Monahan, hereafter called the trustee, has the fund as to which instructions are sought. Respecting him there are these statements in the stipulation and agreed facts:

"SIXTH: That after the allowance of the will of Anna E. Adams Michael L. Monahan of Williamstown was appointed trustee for the benefit of David D. Steenburg of the fund of $10,000, given in the will of Anna E. Adams, and as such trustee received said fund of $10,000 on or about March 1, 1932.

"SEVENTH: That at the time of the death of the said David D. Steenburg there was left remaining and unexpended of said fund of $10,000 paid over to the said Michael L. Monahan, trustee as aforesaid, approximately $7,000."

Since the fund is thus traced to his hands and there is nothing in the record to indicate any change in its custody, the presumption is that he continues to hold it. There is nothing to justify an inference that his trusteeship has been terminated. *Day* v. *Old Colony Trust Co.* 232 Mass. 207, 210–211. The one who rightly holds the fund in a trust capacity has a present duty to perform respecting it. He might rightly have petitioned for instructions what to do with it. He is not entitled to hold or dispose of it except in accordance with the will of the testatrix under which he was appointed trustee. He has signed, as one of the parties interested in the petition, the stipulation and agreed facts upon which the case has been reserved for the consideration of this court. He has joined in the request for instruction with which the stipulation and agreed facts conclude, namely, "To whom should the unexpended balance of" the $10,000 "fund remaining at the death of David D. Steenburg now be paid?" It is not of controlling significance that he was not formally named as a party. He has become a party by signing the stipulation and agreed

facts.  Its concluding request puts him in the posture of a
petitioner.  He has thus submitted himself to the juris-
diction of the court.  He will be bound by its decree and
obliged to conform to its order.  He has joined in a request
for the affirmative instruction by the court as to the dis-
position of the fund.  He has put himself in the position
of an applicant for instructions so far as he may be entitled
to seek instructions.  It was said in *Gahm* v. *Wallace*, 206
Mass. 39, at pages 44–45, by Chief Justice Knowlton speak-
ing for the court: "It is a familiar rule that, if one appears
generally in a case, or asks the court to do anything which
involves the exercise of jurisdiction over the parties, he
waives all questions in regard to service and submits him-
self to the jurisdiction of the court."  Other authorities are
to the same effect: *Paige* v. *Sinclair*, 237 Mass. 482, 484–
485.  *Crull* v. *Keener*, 18 Ill. 65, 66.  *Edinger* v. *Heiser*, 62
Mich. 598, 612.  *Fulton* v. *Ramsey*, 67 W. Va. 321, 326–327.
*Moyer* v. *McCullough*, Smith (Ind.) 211, 213.

The case has been argued at large by the parties in inter-
est without objection.  All the parties and facts necessary
for determining the question in dispute appear to be before
us.  Therefore, notwithstanding the almost fatal informal-
ity with which the case is here, the question in dispute
will be determined.  G. L. (Ter. Ed.) c. 231, §§ 124, 144.
*Adams* v. *Silverman*, 280 Mass. 23, 30.  *Fratta* v. *Rossetti*,
277 Mass. 98.  The parties by submitting the case upon an
agreed statement of facts have waived objection to all infor-
malities of procedure not affecting the jurisdiction of the
court.  *Russell* v. *Loring*, 3 Allen, 121, 125.

The point to be decided is the nature of the estate cre-
ated by the testamentary provision quoted early in this
opinion.  The familiar rule to be followed in the interpre-
tation of wills is that the intent of the testator is to be
gathered from all the words used, construed according to
the approved usage of the language read in the light of all
material circumstances, and then effect is to be given to
that intent unless prevented by some rule of law.  *Ware* v.
*Minot*, 202 Mass. 512, 516.  *Sewall* v. *Elder*, 279 Mass.
473, 477.  If the testatrix had simply given to her brother

the .unqualified use, income and improvement of $10,000 without saying more, an absolute interest would have vested in him. *Chase* v. *Chase,* 132 Mass. 473, 474. *Hayward* v. *Rowe,* 190 Mass. 1, 3. *Dallinger* v. *Merrill,* 224 Mass. 534, 539. The underlying reason for this rule is to avoid holding that there is a partial intestacy where no other clause in the will can rightly be construed as a gift over of the principal. There is a presumption against intestacy as to a considerable part of an estate where one has taken the trouble to make a will. *Seaver* v. *Griffing,* 176 Mass. 59, 63. *Jones* v. *Gane,* 205 Mass. 37, 43. The rule is not one of positive law but one of construction designed to effectuate the probable design of the testator. It does not apply where a different purpose is inferable from the instrument as a whole. The testatrix by the paragraph in question did not make a legacy in those simple terms. She gave to her brother "the use" of a sum specified and "as much of the principle [*sic*] as is necessary for his support, care and comfort." These additional words would have been superfluous if those which preceded them had been intended to create an absolute gift. But the testatrix went even further and made a gift over of the "balance of my estate" to three designated individuals who "are to share equally alike of the balance of my estate." This last provision has the effect of disposing of all the residue of the estate including the excess, if any, above $10,000; that circumstance, however, does not cut down its donative effect over the remainder of the legacy given for the benefit of the brother but not needed for his support, care and maintenance. The brother was not given the right to use and enjoy the fund in any manner he chose. He was not given the right to dispose of it. Apparently the testatrix expected that the fund would be put to productive investment and preserved without diminution, if practicable, in affording support, care and maintenance for the brother. The testamentary language imports a condition of need for support, care and comfort which first must be shown to exist before inroads could be made upon the corpus of the fund. The gift is limited, not absolute.

The fact that no trustee of the fund was appointed by the will is not of significance. The law supplied a trustee when occasion arose. The case is governed in principle by *Cavan* v. *Woodbury*, 240 Mass. 125, and *Small* v. *Bellamy*, 249 Mass. 244. *Sherwin* v. *Smith*, 282 Mass. 306. *Godshalk* v. *Akey*, 109 Mich. 350, 354. It is too clearly distinguishable from *Fay*·v. *Phipps*, 10 Met. 341; *Chauncey* v. *Francis*, 181 Mass. 513; *Chauncey* v. *Salisbury*, 181 Mass. 516; *Powers* v. *Rafferty*, 184 Mass. 85; *Hayward* v. *Rowe*, 190 Mass. 1, and *New England Trust Co.* v. *Scheffey*, 265 Mass. 515, to require analysis and statement of reasons.

The benevolent purpose of the testatrix with respect to her brother as manifested by the words of her will has been already given effect during his lifetime.

It is not necessary to consider the several questions posited in the petition. The result follows that the answer to the inquiry stated in the stipulation and agreed facts is that the remainder of the fund unexpended for the support, care and comfort of the brother is to be paid to the residuary legatees named under the will.

*Ordered accordingly.*