SPRINGFIELD SAFE DEPOSIT AND TRUST COMPANY, trustee,
*vs.* EMMA L. NELSON & others.

Hampden. December 8, 1938. — March 2, 1939.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Devise and Legacy*, What estate, Life estate, Remainder. *Equity Jurisdiction*, Instructions to fiduciary.

Under a will directing a trustee to pay the income of the trust fund to the testator's widow and four children, with provision as to the payment of the share of any child who should die and a provision that upon the death of the widow her share of the income should be divided among the then surviving children and their heirs, there was no merit in a contention made upon her death that one-fifth of the principal should be distributed to the children; they were entitled merely to her one-fifth of the income.

A court of equity will not instruct a fiduciary as to past acts or future duties.

PETITION for instructions, filed in the Probate Court for the county of Hampden on January 26, 1938.

Certain respondents appealed from a decree by *Denison, J.*

*H. Robinson*, stated the case.

*R. W. Hale, (G. C. Abernathy* with him,) for the respondent Emma L. Nelson.

*R. A. Bidwell*, guardian *ad litem*, submitted a brief.

DOLAN, J. This is a petition in equity, brought in the Probate Court by the petitioner as it is trustee under the will of Clark B. Holbrook, late of Springfield, deceased, in which the petitioner seeks to be instructed whether any portion of the trust estate remaining in its hands should now be distributed. The petition contains a further prayer that the " court will . . . determine the persons entitled to receive the income from" the trust fund.

The testator died in 1908 leaving as his heirs at law his widow, Mary L. Holbrook, and four children, Mary E. Ballou, George Holbrook, Emma L. Nelson and Clark B. Holbrook, Jr. The will of the testator was duly allowed

and its pertinent provisions are as follows: "My land and buildings known as Nos. 198 and 220 inclusive, situated at the corner of Cypress and Main Streets, in said Springfield and my land and brick block situated at the corner of Seventh and Main Streets in said Springfield and any other real estate that I may own at the time of my decease and not herein before devised and also all my real estate the use of which I have herein before given to my said wife remaining at the time of her decease or re-marriage to Springfield Safe Deposit and Trust Company of said Springfield or its successors to hold for the use and benefit of my children viz., Mary Etta Ballou, George Holbrook, Emma L. Nelson, Clark B. Holbrook, Jr., and my widow Mary L. Holbrook. My said trustee to pay from income of said property all the necessary expenses for maintaining the same including the repairs, taxes, water rents, insurance and the expenses of this trust and to divide the net proceeds thereof equally among my said children, and my said wife, semi-annually or annually as said trustee or its successor may deem expedient. The share to be paid to my said wife during her life or as long as she shall remain my widow, and in the event of the death of any one of my said children the share bequeathed to such deceased child shall be paid to his or her surviving children and if no children survive such deceased child then said share to be equally divided among my said children surviving or in case of the death of my said wife or in the event of her re-marriage the portion of such income to her herein bequeathed shall be divided equally among my said children, who shall survive her or their heirs. . . . I direct my executors herein after named to sell and dispose of my stocks that I own of the Swift & Company, and any other stocks that I may own at the time of my decease, and to use the proceeds thereof for the purpose of paying and discharging the mortgage upon my real estate, known as the Smith Block on Main Street, in said Springfield, and if there should be any surplus remaining after the payment and discharge of said mortgage and all debts and funeral expenses as aforesaid or other charges against my estate I give such surplus to

my trustee to hold for the purposes as above set forth. All the rest and residue of my estate, real and personal of which I may die seised or possessed to be equally divided among my heirs-at-law."

The widow of the testator died in 1919 and was survived by the four children. The testator's daughter Mary died February 27, 1936, leaving three children who are among the respondents. Pursuant to decrees entered in the Probate Court on November 13, 1936, and October 15, 1937, the petitioner distributed to these three children one fourth of the entire trust estate. The petition recites that the respondent Springfield Savings Bank is entitled by virtue of a decree entered in the Superior Court to receive all income and principal "due the respondent Emma L. Nelson," and that the "petitioner has received notice of a written assignment" by that respondent and William H. Nelson of all "right, title and interest in and to said trust fund to the respondent Keene National Bank." It is further recited in the petition that some of the respondents contend that at the death of the widow, one twentieth of the principal of the trust fund should have been distributed to each of the four children who survived her, and that the three children now living claim to be entitled to a distribution of one fifteenth each of the trust fund now in the hands of the petitioner. No contention is made that the balance of the trust fund which would in that event remain should not continue to be held in trust for the three living children of the testator during their respective lives as provided in the will.

The judge entered a decree "that there is no distribution of principal of said trust fund now due or payable and that the income from said trust fund is presently payable, in equal shares, to Emma L. Nelson, George Holbrook and Clark B. Holbrook, said share of said Emma L. Nelson being payable to Springfield Institution for Savings under equity decree of Superior Court and also subject to assignment to Keene National Bank."

The respondents Emma L. Nelson, William H. Nelson and Keene National Bank joined in an appeal therefrom.

They are represented by the same counsel, who contends that, upon the death of the widow, one fifth of the trust estate should have been distributed in equal shares to the four children of the testator, all of whom survived her. He argues that under the provision of the will, "in case of the death of my said wife or in the event of her re-marriage the portion of such income to her herein bequeathed shall be divided equally among my said children, who shall survive her or their heirs," the income was given without limit and hence that the fee or principal passes by the gift. In support of this contention Coke upon Littleton (4b) is cited. Counsel for these respondents further contends that each surviving child has a life estate at least after the widow's death in a quarter of the widow's fifth; that those life estates are not directed to be merged in the trust fund for each child, and that thus there are four life estates and "four intestacies as to four remainders," and that this is "the kind of thing the law avoids."

These contentions cannot be sustained. The intent of the testator is to be ascertained from a consideration of the will as a whole, read in the light of the material circumstances under which it was executed. When so ascertained it must be given effect unless some positive rule of law forbids. *Ware* v. *Minot*, 202 Mass. 512. *Old Colony Trust Co.* v. *Shackford*, 291 Mass. 361. *Old Colony Trust Co.* v. *Washburn*, 301 Mass. 196, 200, and cases cited. Thus considered, so far as any present question is concerned, it is clear that the testator gave and intended to give to his children who survived his widow that portion of the income of the trust estate which she had enjoyed during her life. There is no rule of law that forbids such a gift of income only, even though the testator should fail to provide for a devise or bequest over of the principal of the trust estate from which such income is derived. Such a gift would confer upon a beneficiary but an equitable estate for life, even though upon the termination of such estate an intestacy would result. This is settled by what is said in *Cavan* v. *Woodbury*, 240 Mass. 125. See also *Worcester Trust Co.* v. *Turner*, 210 Mass.

115, 121; *Old Colony Trust Co.* v. *Shackford,* 291 Mass. 361, 365. Without intimating in the case at bar that, upon the death of any of the now living children of the testator, any portion of the trust estate now held by the petitioner would pass under the residuary clause of the testator's will, in view of the contention of the respondent appellants that an intestacy will result as to a portion of the trust estate, it is not inappropriate to point out that the will does contain a residuary clause. We are not called upon to decide now in what manner or proportion any of the trust estate now held by the petitioner will be distributable upon the death of any of the testator's now living children. Neither are we called upon to pass on the distribution heretofore made by the petitioner in accordance with the decrees entered in the Probate Court following the death of the testator's daughter Mary. It is well established that the court will not instruct a trustee as to past acts or future duties. *Boyden* v. *Stevens,* 285 Mass. 176, and cases cited. The respondent appellants have cited the provisions of G. L. (Ter. Ed.) c. 191, § 18, that "A devise shall convey all the estate which the testator could lawfully devise in the land mentioned, unless it clearly appears by the will that he intended to convey a less estate." There is nothing contained in that statute in conflict with what we have here said. The gift under consideration so far as any present question is concerned is of income. Moreover, in its recognition that the intent of the testator is of paramount importance in the absence of prohibitive rules of law, the statute is in complete harmony with the rule governing the construction of wills, which we have already stated.

The decree of the Probate Court is affirmed. Costs and expenses of this appeal may be allowed in the discretion of that court.

*Ordered accordingly.*