BLANCHE W. ANDERSON *vs.* ROSE LEE HARRIS, administratrix, & others.

Essex.   March 6, 1946. — July 3, 1946.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING, JJ.

*Devise and Legacy,* What estate.

Complete ownership of real estate of a wife, who was survived by her husband and by a brother and children of deceased brothers as next of kin, passed to her husband under her will, which made no gift to anyone except the husband; named him as executor and "trustee, if needs be"; gave "all of the income arising from" her "property, and all of" her "property" to him "to have and to hold the same to his use for his comfortable support and other use in any way that he may see fit to use or dispose of the same"; further directed that, if the income was "not sufficient for his use as he shall see fit to use said income, . . . he shall have and use for his own comfortable support and for his own purposes, whatever they may be, so much of the principal . . . as he may desire"; and made no gift over of property which might remain at his death.

PETITION IN EQUITY, filed in the Probate Court for the county of Essex on January 6, 1945.

The case was heard by *Phelan,* J.

*W. B. Sullivan, Jr.,* for the respondents.

*H. H. Ham,* for the petitioner.

DOLAN, J.   The petitioner, who is the widow of Elbridge R. Anderson and executrix of and residuary devisee and

legatee under his will, seeks to have determined the title to certain real estate devised by the will of Elizabeth Dodge Anderson, who at the time of her death was the wife of the said Elbridge R. Anderson. The respondents, who are also heirs at law of Elizabeth, filed an answer in which they alleged that the title to the real estate in question was vested in them, and also made claim to certain personal property bequeathed under the will of Elizabeth and prayed that the title to that property also be determined. The case comes before us on the appeal of the respondents from the decree entered by the judge that the real estate involved was devised by the will of Elizabeth to the said Elbridge R. Anderson "in fee simple, subject to mortgages of record." The evidence is reported, and at the request of the respondents the judge made a report of the material facts found by him.

Material facts are these: The real estate in question was purchased by Elizabeth, hereinafter described as the testatrix, on June 12, 1907, and was occupied by her and Mr. Anderson until her death on May 2, 1932. They had one child who predeceased them. Mr. Anderson survived the testatrix, and the respondents are her other heirs or their successors in interest. The will of the testatrix provided as follows: "2. I give, devise and bequeath all of the income arising from my property, and all of my property, whether real, personal or mixed, unto my beloved husband, Elbridge R. Anderson, to have and to hold the same to his use for his comfortable support and other use in any way that he may see fit to use or dispose of the same. If the income of my property is not sufficient for his use as he shall see fit to use said income, I direct that he shall have and use for his own comfortable support and for his own purposes, whatever they may be, so much of the principal of my said estate as he may desire. 3. I shall leave in a letter which I desire to be made a part of this will and to be incorporated herein, certain requests, which I desire to have him carry out. Said letter will be found with my private papers. 4. I hereby appoint my husband, Elbridge R. Anderson, as the sole executor and trustee, if needs be, under this will, and request that he be exempt from fur-

nishing any surety or sureties upon any official bonds required of him." The letter referred to was not found.

On June 25, 1932, an inventory of the estate of the testatrix was filed in the Probate Court. The real estate in question was listed. Certain shares of stock afterwards traced to the estate of Mr. Anderson were appraised as of the gross value of $21,416.50. Jewelry, books, household goods and furnishings were also listed, and a portion thereof of the value of $2,000 was in the possession of Mr. Anderson at the time of his death. On June 8, 1933, he filed his account as executor of the will of the testatrix, showing personal property set out in the inventory and balance of income of $50,590.54 as turned over to him in "compliance with the terms of the will." He assented to that account individually and no citation issued thereon. On February 19, 1934, the shares of stock above referred to with one exception were transferred by Mr. Anderson into his individual name, and stood in his name when he died. As to the personal property before referred to, the judge found complete ownership thereof passed to Mr. Anderson under the will of the testatrix but made no reference thereto in the decree entered by him. Mr. Anderson died on June 22, 1944. His will was allowed on July 17, 1944. The petitioner was appointed and qualified as executrix thereunder. As such executrix she made an agreement to sell the real estate in question for $10,000, the agreement providing that the sale was to be contingent upon her securing a license to sell the premises for that sum. Pursuant to this agreement the petitioner as executrix was authorized by the Probate Court to sell the premises for that sum by decree dated October 2, 1944. This authority was decreed upon the sole assent of the petitioner. No citation was issued upon the petition. Counsel for the buyer, however, questioned whether under the will of the testatrix Mr. Anderson took a fee in the premises in question. In consequence the present proceeding was brought by the petitioner for construction of the will of the testatrix and determination of that question. There is nothing in the record to show from what source the assets of the estate of the testatrix were derived.

Reading the will as a whole, in the light of such attendant circumstances as are disclosed by the evidence (see *Ware* v. *Minot*, 202 Mass. 512, 516), we are of opinion that the testatrix intended, that complete ownership in the property devised and bequeathed should vest in Mr. Anderson upon her death. The provisions are very broad giving to him the right to use income or principal not only for his comfortable support, but also for "other use in any way that he may see fit to use or dispose of the same," and the right that if the "income . . . is not sufficient for his use as he shall see fit . . . he . . . [should] have and use for his own comfortable support and for his own purposes, whatever they may be, so much of the principal of . . . said estate as he may desire." There is no bequest in the will of ,the testatrix to any other persons, although her heirs, other than Mr. Anderson, were a brother and the children of two deceased brothers. There is no gift over of any property that may not be used or disposed of by Mr. Anderson, no reference to "whatever may remain," and no restriction of the devise and bequest to Mr. Anderson during his natural life, language commonly found in cases where it has been held that there was a limited power of disposal with a valid gift over of what might remain. Such cases are illustrated by *Sawin* v. *Cormier*, 179 Mass. 420, 421, *Champney* v. *Bradford*, 196 Mass. 259, 260, *Allen* v. *Hunt*, 213 Mass. 276, *Kemp* v. *Kemp*, 223 Mass. 32, 33–35, *Wolff* v. *O'Brien*, 231 Mass. 487, 489, *Homans* v. *Foster*, 232 Mass. 4, 6, and cases cited, and *Hull* v. *Adams*, 286 Mass. 329, 334. See *Bramley* v. *White*, 281 Mass. 343, 350. These cases are distinguishable, in the respect just mentioned, from the present case. They are distinguishable also in that there could not be an intestacy under the provisions of the respective wills in those cases.

In the present case, to conclude that only a life estate was given to Mr. Anderson by the will of the testatrix would mean that whatever of the property devised or bequeathed had not been used or disposed of by him but remained in his possession at his death would pass as intestate property. A construction of a will resulting in intestacy

is not to be adopted unless plainly required, and it is to be presumed that when a will is made the testator intended a disposition of all his property and did not intend to leave intestate estate. *Old Colony Trust Co.* v. *Treadwell*, 312 Mass. 214, 216. See also *Hull* v. *Adams*, 286 Mass. 329, 334; *Fitts* v. *Powell*, 307 Mass. 449; *O'Neill* v. *Connelly*, 312 Mass. 508; *Robertson* v. *Robertson*, 313 Mass. 520; *Holmes* v. *Welch*, 314 Mass. 106. In *Cavan* v. *Woodbury*, 240 Mass. 125, cited by the respondents, the property involved·was given to the husband of the testatrix in trust. *Springfield Safe Deposit & Trust Co.* v. *Nelson*, 302 Mass. 483, also cited by the respondents, is not in point. The only question in that case concerned income. In the instant case we are of opinion that the testatrix intended to dispose of all her property by vesting complete ownership thereof in her husband, Mr. Anderson. See *Chase* v. *Chase*, 132 Mass. 473; *Dallinger* v. *Merrill*, 224 Mass. 534, 539; *Hull* v. *Adams*, 286 Mass. 329, 333–334. We are of opinion that the provision in the will for the appointment of Mr. Anderson as trustee "if needs be," read with the will as a whole, is not sufficient to outweigh the considerations which we have set forth above.

*Decree affirmed.*