Fabricant, J.
INTRODUCTION
This action arises from an agreement for the purchase and Scile of real estate located at 56 Walpole Street in Dover. The buyer, Calumet Corporation (“Calumet”) alleges that the seller, Margery Vespa as Executrix of the Estate of Sadie A. Lowe (“Vespa”), reneged, and seeks specific performance. Presently before the Court is the plaintiffs motion for summary judgment. For the reasons that will be explained, the motion will be allowed.
BACKGROUND
The factual record before the Court is sparse. The plaintiff, the buyer in the real estate transaction, has submitted a statement of undisputed facts pursuant to Superior Court Rule 9A(b)(5), including as to each factual assertion, in accord with that Rule, reference to supporting material appearing in either or both of two supporting affidavits, with appended exhibits. The *37 defendant Vespa, the seller in her capacity as Executrix, has responded to the plaintiffs statement, but not in the manner required by Rule 9A(b)(5). She admits some of the factual assertions, but denies others, and asserts certain additional facts, without in either case providing any reference to any supporting evidentiary material. She submits no affidavits or deposition testimony, but does append to her memorandum two documents, one of which appears as an exhibit to one of the plaintiffs supporting affidavits, and the other of which confirms certain of the plaintiffs factual assertions.[1] The defendant Robert Lowe has submitted no response to the plaintiffs Rule 9A(b)(5) statement, but has supplied his own affidavit, along with a copy, appended to his memorandum, of one of the documents that is appended to one of the plaintiffs affidavits. In addition, at argument the defendant Lowe made reference to the defendant Vespa’s deposition testimony, a transcript of which is in the Court file, apparently having been submitted in connection with earlier proceedings in the case.[2]
The effect of the defendants’ manner of responding to the plaintiffs Rule 9A(b){5) statement is that the facts asserted therein are deemed admitted under the third paragraph of that Rule. Nevertheless, the Court has reviewed the materials submitted by the defendants, including the entire transcript of defendant Vespa’s deposition, in an effort to identify any factual dispute that may exist.[3] None appears.[4]
The following facts emerge from the materials provided. Sadie A. Lowe, the mother of the four named defendants as well as a fifth child, died in 1998. She left a will, executed in 1991, consisting of four paragraphs. The first paragraph states “(a) I give, bequeath and devise all of my real property on Walpole Street, Dover, Massachusetts, in equal shares, to my children,” followed by the names of the four defendants in this action. The fifth child, Edward, is omitted “as he has previously received his share.” The first paragraph goes on: “(b) All of the rest, residue and remainder of the property, both real and personal, ... I give bequeath, devise and appoint to my daughter, Margery A. Vespa.” The third paragraph names Margery Vespa as Executrix, and the fourth paragraph confers powers on the Executrix, as follows:
I authorize and empower my said executrix or any administrator of my estate with this Will annexed to sell convert into money any part or tra[n]sfer and convey into money any part or the whole of my real or personal property at public or private sale to such purchaser, on such terms, for such price or consideration and subject to and upon such restrictions, stipulations and agreements, and with such reservations as said executrix or said administrator may deem advisable, without the necessity of applying to any court for leave so to do, and no purchaser from said executrix or administrator shall be bound to see to the application of the purchase money or consideration.
According to Vespa’s deposition testimony, the real estate located at 56 Walpole Street in Dover was the only asset of Sadie Lowe’s estate. Beginning sometime in 2000, Vespa attempted to sell the property. In this regard, she consulted Attorney Gilbert Cox, who advised her that she had the power to do so under the will, without the need of any court permission. On his referral, in about February 2001, Vespa listed the property with Century 21/David Craig Properties, at a price of $1,600,000.
In March and April of 2001, the plaintiff, Calumet Corporation, made a series of offers, which Vespa rejected. On April 30, 2001, Calumet reiterated an offer to purchase the property for one million dollars, which Vespa had rejected a few days earlier. This time, the broker brought the offer to Cox, who contacted Vespa by telephone, bringing her brother Thomas into the call as well. According to both Cox’s affidavit and Vespa’s deposition testimony, Vespa directed Cox to sign her acceptance of the offer. Vespa testified that she and Thomas were both reluctant to agree to the deal, considering the price too low, but did so under pressure from Cox, and in response to his statement that an attorney representing their brothers Robert and Donald had told Cox that both were in agreement to the sale at that price. Vespa later concluded that that statement was false, apparently based on a subsequent conversation with Donald as to the timing of his communication with that attorney.[5]
On Vespa’s behalf, Cox signed the offer form, which is in all pertinent respects indistinguishable from the form used in McCarthy v. Tobin, 429 Mass. 84, 85 (1999). The form set out the material terms of the transaction, including the parties, property, price, closing date, and conditions. It recited, near the bottom, “This is a legal document that creates binding obligations. If not understood, consult an attorney.” The offer form also provided that the parties would, by May 24, 2001, “execute the applicable Standard Form Purchase and Sale Agreement recommended by the Greater Boston Real Estate Board or any form substantially similar thereto, which, when executed, shall be the agreement between the parties hereto.” Vespa, according to her deposition testimony, never actually saw the form that she directed Cox to sign, although she had seen the earlier offers from Calumet on the same form.
After signing the offer form, Cox prepared a standard form purchase and sale agreement. On May 7, 2001, Vespa refused to sign the purchase and sale agreement on the ground that the price was insufficient. Calumet advised Vespa, apparently through Cox, that it wished to proceed. It signed the agreement on May 10, 2001, but Vespa continued to refuse.
Calumet brought this action against Vespa on May 24, 2001, and later amended its complaint to join her *38 three brothers. The amended complaint alleges breach of contract, and seeks an order of specific performance. Vespa’s answer denies the breach and asserts a counterclaim alleging fraud. In particular, she alleges that Calumet “conspired and colluded with Century 21/Craig Properties to fraudulently induce Vespa ... to convey the property” by submitting the offer to Cox, rather than to Vespa directly, “knowing that. . . Vespa had rejected the offer, and had not authorized attorney Cox to accept the offer,” and “hoping to avoid Vespa’s objections, and have the contract signed under false pretenses.”
DISCUSSION
This Court grants summary judgment where no genuine issue of material fact exists and the record entitles the moving party to judgment as a matter of law. See Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of establishing the absence of genuine dispute on every material issue. See Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond with evidence of specific facts establishing the existence of a genuine dispute. See Pederson v. Time, 404 Mass. 14, 17 (1989). The opposing party may not rest on the allegations of the pleadings, nor may it rely on “bare assertions and conclusions regarding [its own] understandings, beliefs, and assumptions.” Key Capital Corp. v. M&S Liquidating Corp., 27 Mass.App.Ct. 721, 728 (1989). Mere contradictions of factual allegations, without evidentiary support, are insufficient to raise questions of material fact sufficient to defeat a summary judgment motion. See Madsen v. Erwin, 395 Mass. 715, 721 (1985), quoting Olympic Junior, Inc. v. David Crystal, Inc., 463 F.2d 1141, 1146 (3rd Cir. 1972) (noting that conclusory statements, denials, and allegations are insufficient to raise material issues of fact). The opposing parly’s obligation, rather, is to demonstrate the existence of admissible evidence such as to establish a genuine factual dispute.
In deciding motions for summary judgment, the Court may consider pleadings, depositions, answers to interrogatories, admissions on file and affidavits. The Court reviews the evidence in the light most favorable to the nonmoving party, but does not weigh evidence, assess credibility or find facts. See Dawes, 369 Mass. at 553; Mass.R.Civ.P. 56(c); Colley v. Benson, Young & Downs Insurance Agency, Inc., 42 Mass.App.Ct. 527, 528; see also Kelley v. Rossi, 395 Mass. 659, 663 (1985).
The facts established in this record demonstrate a breach of contract, warranting summary judgment, for exactly the reasons explained in McCarthy v. Tobin, 429 Mass. at 86-89. The defendants make two arguments in opposition. Vespa argues that a factual dispute exists as to Cox’s authority to accept the offer on her behalf, and as to whether Calumet fraudulently induced her acceptance. The evidence offered does not support the argument. Vespa’s own testimony confirms that she authorized Cox to act for her in accepting the April 30, 2001, offer. As to the theory of fraud, she offers no admissible evidence to support it even as to Cox, and no evidence whatsoever to connect Calumet to any misstatement that Cox may have made.
Defendant Robert Lowe argues that Vespa herself lacked authority to agree to sell the property without the assent of her three siblings, because title passed directly to the four siblings in common under the will. He relies on Daley v. Daley, 300 Mass. 17, 21 (1938). That case did not involve any issue as to an executor’s power of sale; the issue, rather, was whether title had passed by adverse possession, over a period of decades, after a trustee to whom the properly was devised declined the role and took no action. In that context, the Court recited the general rule that “[t]itle to real estate devised by will passes directly, on probate of the will, to the devisee and relates back to the instant of the death of the testator.” Id, Calumet, in response, relies on Vespa’s power, under the fourth paragraph of the will, to sell any real property of the estate without leave of court. See Reilly v. Whitney, 332 Mass. 745, 747 (1955), citing Justice v. Soderlund, 225 Mass. 320, 323 (1916) (“Whenever an executor has a power under a will to sell real estate, no license of any court is necessary to, or can give any additional validity to any sale and conveyance which he may make”).
The terms of the will provide fodder for this debate; the first and fourth paragraphs are in at least some tension, with the first purporting to devise identified real estate to the four named devisees, while the fourth grants the executrix unlimited power to “sell convert into money any part or tra[n]sfer and convey into money any part or the whole of my real or personal property.” The tension must be resolved by consideration of the intent of the testator, as gleaned from examination of the will as a whole, in the factual context. See, e.g., Springfield Safe Deposit & Trust Co. v. Nelson, 302 Mass. 483, 486 (1939).
The record presented here provides little factual context, but does offer, through the uncontested deposition testimony of Margery Vespa, one significant item: the real estate identified in the first paragraph of the will was the only asset of the estate. Thus, if it were to pass automatically under the first paragraph, the powers granted to the executrix in the fourth paragraph would be meaningless. Another piece of information appears in the reference to the omitted child, Edward, who “previously received his share.” Nothing in the record indicates what Edward received, but common sense suggests that it was not actually a share of the identified real estate, but was rather *39 money or other assets thought to be of equivalent value. Thus, the omission, and its stated ground, suggest that the testator’s intention was not to leave the identified real estate to her children for their actual use, but rather to leave each of her children an equal share of its monetaiy value. The fourth paragraph, as written, is consistent with and confirms this intention; the executrix is authorized to effectuate the testator’s plan by selling the real estate so as to “convert [it] into money,” for distribution to the beneficiaries.
The Court thus concludes that Vespa was authorized to sell the property, pursuant to the fourth paragraph of the will. Through Cox, to whom she gave her authority, she agreed to do so. She is bound by that agreement, and the plaintiff is entitled to judgment as a matter of law. The plaintiff seeks specific performance, as is usually warranted in disputes involving the conveyance of real estate. See McCarthy v. Tobin, 429 Mass. at 89. Defendants offer no argument for any different remedy. Accordingly, judgment will enter for the plaintiff granting an order of specific performance and dismissing the defendant Vespa’s counterclaim.
CONCLUSION AND ORDER
For the reasons stated, the Plaintiffs Motion for the Entry of Summary Judgment is ALLOWED. Judgment shall enter on the plaintiffs complaint in the form of an order of specific performance. Judgment of dismissal shall enter on the defendant Vespa’s counterclaim.

 Vespa’s memorandum also makes reference to her deposition, and indicates that a portion of the transcript is attached, but the original memorandum filed with the Court has no deposition excerpt attached.

 The other two defendants apparently have never answered the complaint.

 The Court has disregarded portions of Vespa’s deposition testimony that appear not to be based on her personal knowledge.

 Both defendants assert that they have had insufficient opportunity for discovery, but neither has filed an affidavit pursuant to Mass.R.Civ.P. 56(f). Accordingly, no ground appears to postpone consideration of the motion.

 Vespa asserts a theory as to Cox’s motivation to mislead her, but fails to support it by any admissible evidence. The theory is that Cox was concerned about the broker’s commission, because of friendship with the broker, and that the broker had marketed the property in a manner calculated to elicit offers only from Calumet, because Calumet’s principal had an ownership interest in Century 21/David Craig Properties.